## No. 10,103.

### MICHEL A. BECNEL VS. JOSEPH WAGUESPACK.

The evidence in the case fails to establish the claim with that certainty required to support a judgment.

When a co-owner of indivision of immovable property brings an action in his own name for the entire damage done to the estate by a trespasser, the citation in such suit will avail to interrupt prescription as to the other co-owner who afterwards intervenes and joins in the action. The suit was necessarily for his benefit, entitling him to an ac-count from the plaintiff in case of recovery, and it informed defendant of the entire cause and object of the claim and of the titles on which it was founded.

APPEAL from the Twenty-sixth District Court, Parish of St. John the Baptist. *Rost*, J.

O. O. *Provosty* for Plaintiff and Appellee.

W. J. *Waguespack* and R. G. *Dugué* for Defendant and Appellant.

*Bérault & Chenet* for Intervenor.

---

The opinion of the Court was delivered by

FENNER, J. The plaintiff claims $15,000 for 3000 trees alleged to have been cut by defendant on his land.

The petition affords no better description of the *locus* of the alleged trespass than the simple setting out the metes and bounds of a track belonging to plaintiff of about 2000 acres, and no more particular designation of the time than the allegation that it was committed "during the high water of 1884."

That high water was occasioned by the Davis crevasse, which is shown to have occurred on March 8, 1884, and lasted through the month of June.

An exception was taken on the ground, amongst others, that the petition did not state with sufficient certainty the time when and place where the acts charged were committed. This exception was overruled; but the defect complained of assumed importance in view of the defendant's subsequent plea of prescription, because the citation was not served until after May 13, 1885, and it became important to know whether the acts charged were committed before or after that date in 1884, inasmuch as the prescription applicable is that of one year. The impossibility of determining from the allegations of the petition whether the plea of prescription is applicable or not, serves to establish the seriousness of the exception, and its overruling left open a nice question as to whether the burden of proof devolved on plaintiff to establish that the acts were done within the prescriptive term or on defendant to show that they were done without it.

It is not necessary to determine this question here, but for future guidance see Powers vs. Foucher, 12 Mart. O. S. 70; Hubnall vs. Watt, 11 Ann. 57.

But the vagueness and uncertainty exhibited in the petition and in the proof as to date, extend to the whole evidence in the case.

We have been at pains to read it with great care and we find it im-

possible to hold that plaintiff has established his claim with anything approaching that degree of certainty which is essential to support a judgment.

Plaintiff and defendant own contiguous lands in the swamp, and during the overflow both had hands employed in cutting timber on their respective estates. A large number of other persons were also engaged in cutting timber in the swamp.

No witness is produced who ever saw any of defendant's hands cutting on plaintiff's land. There is no direct or positive evidence of the trespass charged of any kind. Plaintiff's whole case rests on inference drawn from the fact that at certain points the cutting on defendant's land seems to have extended across the line of plaintiff. But the evidence of defendant's plantation manager shows that he visited the hands a number of times during the cutting and always found them within his line and warned them against crossing the defendant's line, and nobody proves that they ever did cross it. It was certainly possible that others might have committed the trespass, and it is not brought home to defendant. The trespass seems not to have been discovered until long after its commission when defendant's vagrant woodchoppers had scattered and the means of proving the actual facts had been lost to both parties.

Plaintiff has no doubt suffered a loss, but he "must have grounds more relative than this" before he can compel the defendant to make it good.

As the judgment must be of non-suit only, we are compelled to review that part of the judgment appealed from which sustained the plea of prescription as against the intervention of Lezin Becnel.

The suit was originally brought in the name of M. Becnel only, who sued as sole owner of the land and claimed the whole damage for the trespass.

It subsequently transpired that Lezin Becnel was an undivided co-owner of the land and he thereupon filed an intervention alleging that fact and joined in the demand. This intervention was not filed until long after the lapse of the prescriptive term, and the plea of prescription as against the intervenor was sustained by the judge a quo. The correctness of this judgment depends on whether the intervenor was entitled to the benefit of the interruption resulting from the citation on the principal demand. We think he was, under the authorities cited by his learned counsel and others.

The suit was by one undivided owner against a trespasser, and

claimed the damage to the entire property by the trespass, and is assimilated to the right of such a co-owner to bring a petitory action for the whole property against a trespasser, which has been maintained. Pearson vs. Grice, 6 Ann. 232.

If plaintiff had recovered it would have enured to the joint benefit of his co-owner, who could have compelled him to account. The action clearly indicated to defendant the entire cause and object of the claim and the titles on which it was founded, which was sufficient to interrupt prescription as to both the co-owners. Flower vs. O'Connor, 17 La. 213; Blanc vs. Dupré, 36 Ann. 847; Satterlee vs. Morgan, 33 Ann. 846.

We shall reverse the entire judgment appealed from and replace it by a judgment of non-suit against both plaintiff and intervenor, leaving the rights of all as they were before the suit.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now adjudged and decreed that there be judgment rejecting the demands of both plaintiff and intervenor as in case of non suit at their proper cost in the lower court, the costs of appeal to be divided between plaintiff and defendant.