(45 South. 111.)

No. 16,587.

RICHARDSON v. POSEY et al.

(Dec. 2, 1907.)

DESCENT AND DISTRIBUTION — RIGHTS OF HEIRS—TRESPASS — ADMISSIONS BY PLEADING.

A single heir may maintain an action against a trespasser to recover the whole of the property or the whole of the damages. An allegation that one of the defendants is in possession of real estate as a trespasser, or under some verbal agreement unknown to and not binding on the plaintiff, does not disclose that such defendant possesses under color of title.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Descent and Distribution, § 355.]

(Syllabus by the Court.)

Appeal from Seventh Judicial District Court, Parish of West Carroll; William Jefferson Gray, Judge.

Action by Ella O. Richardson, tutrix, against George M. Posey and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Stubbs, Russell & Theus, for appellant. E. C. Montgomery, for appellees.

LAND, J. This suit was instituted by the plaintiff, as tutrix of the minor, Edmund Richardson, for the purpose of annulling a contract of lease or planting partnership, for five years, of certain lands, entered into between Mrs. E. O. Richardson, as administratrix of the succession of John P. Richardson, and one George M. Posey. The lease, so called, was annexed to the petition, and on the face is a partnership agreement to cultivate and improve several plantations, to make all necessary advances, and divide the profits and losses in equal proportions. The grounds of nullity alleged are, first, that Mrs. Richardson was never the administratrix of the succession of John P. Richardson; and, second, that the lessee had actively violated the obligations of the contract on his part.

The petition charged that one Mat Clay was in possession of one of the tracts, known as the "Maben Plantation," either as a trespasser or under some verbal arrangement with the said George M. Posey, "unknown to your petitioner and by which she is in no way bound." Plaintiff also sued out writs of sequestration.

George M. Posey, a resident of the state of Mississippi, was cited through a curator ad hoc appointed to represent him. Posey made no appearance in the court below; and the curator ad hoc filed no exception or plea in his behalf.

Mat Clay was cited, and without disclosing the nature of his possession of the "Maben Plantation," excepted to the petition on the ground of nonjoinder of proper parties and of no cause of action, and further that no bond for the sequestration had been given.

As far as the record shows, the exceptions were tried on the face of the papers, and the trial judge sustained the exception of nonjoinder and dismissed the suit. Plaintiff has appealed.

In this court Edmund Richardson, having become of age, has been substituted as plaintiff.

The exception of nonjoinder is, in substance, that the letters of tutorship annexed to the petition disclosed that in December, 1892, Mrs. Richardson was confirmed as natural tutrix of her minor children, Susie Richardson and Edmund Richardson; that there is no allegation that Susie Richardson has since died; and, if she be dead, her mother is an heir to one-fourth of her share in the father's estate, and should be made a party to the suit. In other words, the exception is that all the heirs of John P. Richardson

are necessary parties plaintiff to the suit. The argument for the defendant Mat Clay seems to be that the lease to Posey cannot be annulled unless all the heirs of John P. Richardson are joined as plaintiffs, and inferentially that, until this be done, the possession of Mat Clay cannot be disturbed.

The plaintiff in the suit was the minor Edmund Richardson, who was no party to the lease, so called, and who assails the contract as a nullity on the ground that his mother was never administratrix of his father's succession, and therefore had no capacity to bind his estate. In the alternative, plaintiff alleged that the lease should be annulled because the lessee has actually violated the essential obligations of the contract.

The defendant Clay was no party to the so-called contract of lease, and on the face of the petition is either a trespasser or claims under some unknown verbal agreement with Posey. If it turns out that the defendant Clay is a trespasser as alleged, any one of the heirs may recover the whole property from him. Pearson v. Grice, 6 La. Ann. 232; Becnel v. Waguespack, 40 La. Ann. 109, 3 South. 536. It will be time enough to consider whether any other heir should be made a party plaintiff when it shall be shown that the defendant Clay has such an interest in the lease, so called, as will give him standing to insist that all the heirs be made parties.

It now appears that the only possible heir who is not already a party is Mrs. Richardson, who may have inherited an interest from her deceased daughter. At the worst, the suit should not have been dismissed, but leave granted to make parties.

It is therefore ordered that the judgment appealed from be reversed, and it is now ordered that the exception of nonjoinder be overruled, and that this case be remanded for further proceedings according to law; costs of appeal to be paid by the defendant Clay, and other costs to abide the final result of the suit.