————o————

## No. 5917.

## ARTHUR EVANS vs. GRAND TEMPLE COURT PATRONS OF HUSBANDRY.

### Syllabus.

1. No forfeiture can be allowed unless the right thereto be clear beyond a doubt.

2. The word "revert" is not synonymous with "forfeit." The latter is of broader application and may include any property whencesoever derived, the loss of which is incurred by some fault or failure of the owner; but the word "revert" means to come back to the source from which derived, and applies to such property only as was derived from, or granted by, the one to whose benefit the reversion enures.

Appeal from the Civil District Court for the Parish of Orleans, Division "C." No. 102,204. Hon. E. K. Skinner, Judge.

E. V. Parham, plaintiff and appellee.

Grant & Grant, defendant and appellant.

His Honor JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Golden Rule Temple was a subordinate temple of the Fraternal Order of Court Patrons of Husbandry, and subject to the jurisdiction of the Grand Temple thereof. For some alleged infraction of the rules, said subordinate temple was expelled by the Grand Temple, of which expulsion no complaint is here made.

The members of said subordinate temple having by a tax upon themselves procured funds and therewith purchased, in the name of said temple, a tomb in one of the public cemeteries, the officers of the Grand Temple took possession thereof, claiming a right to do so by virtue of Section 9 of Article 19 of the general laws of the order reading as follows:

"Whenever a temple shall dissolve its books, papers and effects shall revert to the Grand Temple, and they shall make such disposition of them as in their judgment they think proper and just."

—53—

Thereupon plaintiff brough this suit to recover possession of said tomb for himself and for the other members of Golden Rule Temple, said temple being legally unincorporated.

Defendant challenges his right to bring this action, but the jurisprudence has established that the action is maintainable.

> "A joint proprietor can maintain a petitory action against a mere possessor without title for the whole undivided property."
>> Mays v. Witowski, 46 An. 1,475. See also, 120 La., 223, 40 An., 109, 31 An., 74.

On the merits it was argued that the section of the general laws above quoted was contrary to the law of the land and invalid, in that it purported to operate a forfeiture without due process of law; but we do not think that question arises.

As we have said, the tomb therein sued for was acquired directly with funds contributed by the individual members of the temple, and not from or through the Grand Temple. On the other hand the section provides merely that upon the dissolution of a temple its effects shall "revert" to the Grand Temple.

Now it is elementary that no forfeiture can be allowed unless the right thereto be clear beyond a doubt; and no such clear right appears here.

For the word "revert" is not synonymous with "forfeit." The latter is of broader application and may include any property whencesoever derived, the loss of which is incurred by some fault or failure of the owner, but the word "revert" means to come back to the source from which derived, and applies to such property only as

was derived from, or granted by, the one to whose benefit the reversion enures.

Property cannot "revert" except to the source from which it came; and this tomb did not come from the Grand Lodge, and hence cannot revert to it.

Judgment affirmed.

Opinion and decree, December 22nd, 1913.