[Civil No. 3700.   Filed March 23, 1936.]

[55 Pac. (2d) 812.]

ELVA E. JETER, as Guardian of the Persons and Estates of Zelma Luella Rhoades and Richard Everett Rhoades, Appellant, v. SIDNEY SAPP, as Administrator of the Estate of E. Y. Malich, Deceased, et al., Appellees.

Mr. W. E. Ferguson, for Appellant.

Mr. Guy Axline, for Appellees.

LOCKWOOD, C. J.—This is an appeal by Elva E. Jeter, formerly Elva E. Rhoades, as guardian of the persons and estates of Zelma Luella Rhoades and Richard Everett Rhoades, minors, hereinafter called plaintiff, from a judgment rendered in favor of Sidney Sapp, as administrator of the estate of E. Y. Malich, deceased, hereinafter called defendant, and various other parties whom we shall refer to as seems advisable.

The facts of the case material for its determination are not seriously in dispute, and we state them as follows: The Bazell Motor Company, a corporation, hereinafter called the company, in the year 1927 was the owner of certain real estate situate in the town of Winslow. On the 11th day of January, 1927, it

made, executed and delivered its promissory note in the sum of $7,000 to E. Y. Malich, defendant's decedent, and to secure the payment of said note also gave the decedent a mortgage on certain property described as follows:

"The west 35½ feet of lots seventeen (17), eighteen (18), nineteen (19), and twenty (20), in Block one (1), in the Town of Winslow, County of Navajo, State of Arizona, as surveyed and platted by J. A. Williamson."

Thereafter, and on the 23d day of May, 1928, it made, executed, and delivered to Elva E. Rhoades its promissory note in the sum of $5,000, secured by a mortgage on certain property described as follows:

"The west thirty-five (35) feet of lots seventeen (17), eighteen (18), nineteen (19), and twenty (20), of block one (1), of the A. & P. Addition to the Town of Winslow, County of Navajo, State of Arizona."

Neither of these notes were paid when due, and in the year 1929, Malich having died, one Annie Lifrand brought suit against the company to foreclose the mortgage given to him, claiming that his note and mortgage had been duly transferred to her for a valuable consideration. Defendant intervened in said action, alleging that the transfer to Lifrand was void, and that he as administrator owned the note and mortgage, asking that their proceeds, after foreclosure, be paid to him, but not specifically asking for foreclosure of the mortgage. A judgment was rendered foreclosing the mortgage and holding that Lifrand was entitled to the proceeds. The case was brought to this court on appeal, and we held that the evidence did not sustain a judgment in favor of Lifrand as the assignee for a valuable consideration of the note and mortgage involved, but that if she

were entitled to it at all, it was a donation *causa mortis*. Since that issue was neither pleaded nor determined in the trial court, we remanded the case for a new trial, stating that Lifrand might amend to raise such issue if she desired, and that the amendment would not state a new cause of action, since the original suit was to foreclose the mortgage, and both plaintiff and intervener agreed that should be done; the only dispute being who was entitled to the proceeds of the foreclosure. Lifrand did not attempt to contest the matter further, and defendant proceeded with his plea in intervention, amending his prayer for relief to include a foreclosure of the mortgage. The court finally rendered its judgment that the intervener was entitled to a foreclosure of the mortgage, and it was duly foreclosed and the property sold thereunder. Thereafter plaintiff brought this suit, setting up that the $5,000 note and mortgage above referred to had been duly transferred by her to the minor children of which she was guardian, and asking for a foreclosure of such mortgage as against the property described therein. Defendant was made a party to the suit, she claiming that the mortgage foreclosed by him as above covered the same property as that covered by her mortgage. She asked that her mortgage be declared a first and prior lien on the property as against his mortgage, but since admittedly her mortgage was junior in date and, therefore, presumably junior in right to that of defendant, she alleged as justifying this request that the description in defendant's mortgage was so defective that its recordation was not constructive notice to her of its existence when she took her mortgage, and that she had no actual knowledge thereof. She further contended that the statute of limitations had run against the Malich note and mortgage before the judgment

was rendered foreclosing it. The case was tried to the court on these issues, and judgment was rendered in favor of defendant, whereupon this appeal was taken.

There are but two serious questions for our consideration, the first being whether the description in the Malich mortgage was sufficient so that its recordation was notice to plaintiff of its existence before her mortgage was given. The second is whether the statute of limitations had run against the Malich mortgage before it was foreclosed. We shall consider these two questions in their order.

█ It is admitted by both parties that the two mortgages were intended to cover the same property, although the description in the Malich mortgage and that in the Rhoades mortgage, as above set forth, differ slightly. They both refer to the same west 35½ (35) feet of lots 17, 18, 19 and 20, in block 1, of the town of Winslow, but the Malich mortgage further describes the lots "as surveyed and platted by J. A. Williamson, trustee for the Atlantic and Pacific Railway Company," while the Rhoades mortgage refers to them as in the "A. & P. Addition to the Town of Winslow." It appears that there is no plat of the town of Winslow "surveyed and platted by J. A. Williamson" to be found in the records of Navajo county, but it also appears that there is to be found in the records of Apache county a plat of that description duly recorded, and that lots 17, 18, 19 and 20 of block 1, as shown by said plat, are the land covered by the Malich mortgage. The question then arises: Are residents of Navajo county bound to take notice of a plat of the townsite of Winslow which is filed only in the records of Apache county? We take judicial notice of the fact that Navajo county was before 1893 a part of Apache county, and para-

·graph 2626, Rev. Stats. 1887 (Civ. Code), which was in effect when Navajo county was established, reads as follows:

"Where an instrument in writing has been duly registered in the proper county, and any property conveyed or encumbered by such instrument shall fall within another county, subsequently created, the prior registration shall not be deemed to be thereby invalidated or in any manner affected, but shall still continue to be equivalent to an actual notice of its contents to all persons whomsoever, and it shall be the duty of the board of supervisors of the new county (and at the expense thereof), to cause a transcript of the record of all such instruments to be made and duly certified and deposited in the recorder's office of said new county, for public inspection, and indexes of the same to be made in such manner as may be prescribed by law."

The first part of this section was re-enacted in substance as paragraph 760, Revised Statutes of 1901 (Civ. Code); paragraph 2092, Revised Statutes of 1913 (Civ. Code); and section 976, Revised Code of 1928. Since the plat referred to in the Malich mortgage was properly recorded in Apache county originally, when thereafter Navajo county was created all persons dealing with lands in the new county had constructive notice of any instrument affecting those lands which was properly recorded in Apache county before the creation of Navajo county. Such being the case, plaintiff had legal notice of the existence of the Malich mortgage, and that it covered the same property as that covered by her mortgage at the time she took the latter, and the Malich mortgage was not only prior in point of time but prior in point of right to the Rhoades mortgage.

The second question is of somewhat greater difficulty. In the original suit which was brought by Lifrand she asked for foreclosure in the usual man-

ner of the Malich mortgage. Defendant herein intervened, claiming ownership of the same note and mortgage and raised no objection to the foreclosure, but asked that defendant be paid the proceeds thereof instead of Lifrand. The case was fought through both the superior court and this court, on the theory that both parties were asking for the foreclosure of the Malich mortgage; the only dispute being as to who should receive the proceeds. The question then is: When a suit to foreclose a mortgage is brought and an intervention by one who claims ownership of the mortgage is allowed, does such intervention toll the statute as to the intervener? We are of the opinion that in such a case the intervener steps into the shoes of the plaintiff, and that the statute not having run against plaintiff ceased to run as against an intervener who relied on the same suit for foreclosure. *Foote* v. *O'Roork,* 59 Tex. 215; *Field* v. *Gantier,* 8 Tex. 74; *Becnel* v. *Waguespack,* 40 La. Ann. 109, 3 So. 536.

█ It is also contended that the defendant failed to serve his last amended complaint in intervention upon the attorney for the company. Whatever the effect of this might have been as to the rights of the company, we think that plaintiff is not in a position to raise this question. While there are other minor matters raised by the assignments of error, we think it unnecessary to discuss them in view of what we have already said.

The judgment is affirmed.

McALISTER and ROSS, JJ., concur.