86 So.2d 397

**Luther A. WHITE**

v.

**Owen LOCKHART and Annie White.**

No. 42219.

Feb. 20, 1956.

Jesse Hunter Inman, Baton Rouge, for appellant.

George S. Womack, Baton Rouge, Erlo J. Durbin, Denham Springs, for defendant and defendant on call in warranty, appellees.

SIMON, Justice.

Plaintiffs instituted this suit in the Twenty-first Judicial District Court for the Parish of Livingston against defendant, a resident of said parish, to recover 31.68% of the value of timber cut and removed by defendant from land located in East Baton Rouge Parish.

Defendant answered alleging title to said timber by virtue of an authentic act of sale from Mrs. Annie L. White and therein called her in warranty.

The warrantor filed exceptions (1) of want of "procedural capacity", (2) of lack or want of interest, (3) of no cause or right of action, (4) of prescription, and (5) to the jurisdiction ratione materiae. On the trial of these exceptions the district court rendered judgment overruling the exception of want or lack of interest and the pleas of prescription, maintaining the remaining exceptions, and dismissing plaintiffs' suit, reserving to them the right to bring an appropriate action in the Parish of East Baton Rouge, Louisiana.

Plaintiffs appeal from said judgment.

We note that the district court ruled on all exceptions filed, notwithstanding their varied natures. It is our considered opinion that the district court should have first passed on the exception to the jurisdiction before considering the merits of any other exception. To proceed to try the merits of any other exception after sustaining the exception to the jurisdiction was manifest error.

In the case of Davis v. Arkansas Southern R. Co., 117 La. 320, 41 So. 587, we discussed the creation and classification of exceptions and declared that when the lawmaker in the Code of Practice established and classified exceptions of different kinds to be advanced at different stages of cases, and to be followed by announced consequences, it was intended that they should be resorted to under the circumstances stated. Courts should see that each exception should be made to perform the function properly appertaining to it, and not be allowed to have another substituted for it, and thus be lost, merged, and confused.

Manifestly, the effect of the judgment sustaining the exception to the jurisdiction is that the action is defeated in the court in which it is filed, but with liberty to the plaintiffs to bring another suit in a proper forum.

In the case of Lavergne v. Roussel, 139 La. 915, 72 So. 453, 455, we held:

"* * * Having maintained the defendants' plea to his jurisdiction, the judge was without authority to render judgment on any other pleas or exceptions in the case."

However, we are called upon to pass upon the correctness of the trial court's judgment insofar as it maintains the plea to the jurisdiction. In the event of holding that the district court had jurisdiction, we shall also determine the correctness of the judgment maintaining the exceptions of want of "procedural capacity" and of no cause or right of action.

Petitioners allege that they are owners in indivision of 31.68% of certain timber land having a net acreage of 75.32 situated in the Parish of East Baton Rouge and that defendant is the owner of the remaining 68.32% of said timber. They allege that the defendant is a resident of the Parish of Livingston; that he entered upon and cut timber from the entire tract of land for his own account, and that the aggregate value of the timber so cut and removed is the sum of $10,200.00; that the defendant was a trespasser in bad faith, thus entitling them to a money judgment in a sum equal to 31.-68% of $10,200.00, the manufactured value of said timber.

It is to these allegations that the warrantor filed the various exceptions and raised the question of title to the timber. The gravamen of warrantor's plea to the jurisdiction is that the Twenty-first Judicial District Court of the Parish of Livingston cannot entertain the suit as to the subject matter, for the stated reason that plaintiffs have allegedly attempted to convert this matter

from a suit in damages for timber cut to that of a petitory action, and that having so converted the suit to a petitory action the proper forum is in the parish where the property is situated or in the parish where the defendant resides.

The purpose of plaintiffs' suit is clearly expressed in the allegations of the petition, which allegations, in disposing of the exceptions must be taken as true. In a cursory examination we find that this is a suit for damages for an alleged tortious act committed in the Parish of East Baton Rouge by the defendant, a resident of the Parish of Livingston, and we shall consider it as such.

■ It is a crystallized principle of law that the defendant must be sued before the judge having jurisdiction over his place of domicile or residence.

Article 162 of the Code of Practice declares:

"It is a general rule in civil matters that one must be sued before his own judge, that is to say, before the judge having jurisdiction over the place where he has his domicile or residence, * * *."

Article 165 of the Code of Practice enumerates ten exceptions to the rule that a civil suit must be brought at the domicile of the defendant, the ninth exception being as follows:

"In all cases where any person, firm or domestic or foreign corporation shall commit trespass, or do anything for which an action for damage lies or where any domestic or foreign corporation shall fail to do anything for which an action for damage lies, such person, firm or corporation may be sued in the parish where such damage is done or trespass committed or at the domicil of such person, firm or corporation."

In interpreting Paragraph 9 of Article 165 of the Code of Practice, we said:

"The word 'trespass,' as used in the ninth paragraph of article 165 of the Code of Practice, is used in its broad sense of committing any wrongful act that injures another, and not in the technical sense of committing a trespass upon the property of another. State ex rel. Morgan's La. & L. R. & S. S. Co. v. Judge, 33 La.Ann. 954, 955; Heirs of Gossin v. Williams et al., 36 La.Ann. 186, 187; St. Julien v. Morgan's La. & T. R. & S. S. Co., 39 La.Ann. 1063, 1064, 3 So. 280; Caldwell v. Vicksburg, S. & P. R. Co., 40 La.Ann. 753, 754, 5 So. 17." Tripani v. Meraux, 184 La. 66, 165 So. 453, 456.

■ In the case at bar, under the clear provisions of our law and jurisprudence, the district court in which this suit was filed has jurisdiction to hear and determine the merits of plaintiffs' claim for damages against the defendant herein. Accordingly, the exceptions to the jurisdiction ratione materiae should have been overruled.

The warrantor's exception of want of "procedural capacity" arises out of her contention that since this is not a petitory action, plaintiffs are without the necessary capacity to institute and prosecute this action, or to stand in judgment therein. This exception is further based on the complaint that neither plaintiff Luther A. White nor any of his co-heirs (co-petitioners) signed the petition, and that plaintiffs failed to annex thereto a power of attorney or other instrument authorizing them to institute this suit for and in behalf of their co-heirs.

The preamble of plaintiffs' petition reads as follows:

"The petition of Luther A. White, individually, and on behalf of his co-heirs Curtis White, Allen White, Mrs. Mary Lee Beard, Everette White and David White respectively show:"

The first several paragraphs allege that petitioners are the children of Green B. White, who died in 1921 possessed of only the property herein involved; that the Succession of Green B. White, bearing probate No. 8257 of the docket of the Nineteenth Judicial District Court, Parish of East Baton Rouge, was opened on August 11, 1953; that Mrs. Annie Smith White, surviving widow and third wife of decedent, was gratuitously permitted to occupy said property to the date petitioners were recognized as heirs of decedent and as such entitled to be sent into possession as owners in indivision in the following proportions:

| | |
|---|---|
| To Luther A. White | 21.67% |
| To Curtis White | 2.50% |
| To Allen White | 2.50% |
| To Mrs. Bessie White Beard | 1.67% |
| To Everette D. White | 1.67% |
| To David White | 1.67% |

31.68%

■ The contention that plaintiff Luther A. White is without capacity to prosecute this claim and stand in judgment therefor is without merit. He brings this action as an owner in indivision to recover his proportionate interest of the manufactured value of the timber cut and removed, in addition to the proportionate interests of his co-heirs, as above stated.

■ Plaintiff Luther A. White's right to institute suit for the recovery of damages as an undivided co-owner for himself and for the benefit of his co-owners is authorized by our law. Pearson v. Grice, 6 La. Ann. 232; Becnel v. Waguespack, 40 La. Ann. 109, 3 So. 536; Richardson v. Posey, 120 La. 223, 45 So. 111.

■ The complaint that the petition was not signed by any of the plaintiffs is equally without merit. It was signed and duly verified by counsel for plaintiffs and consequently falls within the permissive authority granted under the provisions of LSA–R.S. 13:3601.

■ The exception of no cause or right of action is based on the contention that

plaintiffs do not own and are without title to the property described in Paragraph 2 of said petition. Warrantor's attempt to raise the issue of title by way of exception of no cause or right of action is unwarranted by law. Such exception must be disposed of on the face of the petition. The question of title is one which must be resolved in a hearing on the merits. These principles are so well recognized in our law that citation of authorities would be burdensome.

In disposing of this exception, we conclude that the allegations contained in plaintiffs' petition clearly set forth a justiciable right or cause of action.

Accordingly, for the reasons assigned, the judgment of the district court insofar as it maintained the exceptions of lack of procedural capacity, of no right or cause of action and to the jurisdiction ratione materiae is hereby reversed, annulled and set aside, and said exceptions are overruled.

It is now ordered that this case be remanded to the Twenty-first Judicial District Court for further proceedings in accordance with law and not inconsistent with the views herein expressed.

FOURNET, C. J., absent.

HAMITER, J., concurs in the decree.