129 So.2d 917 (1961)
Luther A. WHITE et al.
v.
Owen LOCKHART et al.
No. 5211.
Court of Appeal of Louisiana, First Circuit.
April 10, 1961.
Rehearing Denied May 22, 1961.
Certiorari Denied June 22, 1961.
*918 White & May, Baton Rouge, for appellants.
George S. Womack, Baton Rouge, Erlo J. Durbin, Denham Springs, for appellees.
Before ELLIS, LOTTINGER, JONES, HERGET and LANDRY, JJ.
JONES, Judge.
The plaintiff, Luther A. White, individually and on behalf of four of his brothers and sisters, brought this suit in Livingston Parish, asserting that he and his co-heirs were the children of Green B. White, who died in November, 1921, owning 75.32 acres of land in East Baton Rouge Parish, said land being described in Article 2 of the petition. It is further alleged that this is the only property that Green B. White died possessed of. They admitted in the petition that the defendant, Owen Lockhart, owned a 68.32% interest in said land and further alleged that Lockhart in the fall of 1952 prepared to cut the timber from the entire tract of land; that plaintiff notified Lockhart of his and the other heirs' interest in the land but, irrespective thereof, the defendant cut the timber from said land. The plaintiffs sought a money judgment from the defendant for the manufactured value of the timber on the ground that he was an illegal trespasser in bad faith. Defendant Lockhart filed answer denying the plaintiffs owned any interest in the property and denying that he had trespassed thereon and set up title in himself to all merchantable timber on the property as a result of the timber deed from Mrs. Annie L. White on July 1, 1952. He further set forth that his vendor was the *919 legal owner of the property and called her in warranty. The warrantor filed an exception of:
1. Want of "procedural capacity".
2. Lack of want of interest.
3. No cause and no right of action.
4. Prescription.
5. To the jurisdiction ratione materiae.
The District Judge maintained the exception to the jurisdiction of the court ratione materiae on the theory that this was a petitory action, also maintained the exception of no right or cause of action and lack of procedural capacity and overruled the remaining exceptions. Plaintiff appealed to the Supreme Court and the judgment on the exceptions was reversed and the case remanded to the District Court to be proceeded with in accordance with law. White v. Lockhart, 229 La. 611, 86 So.2d 397. The warrantor filed answer denying the plaintiffs' ownership of the property and alleged that she was the owner thereof, having acquired the property by cash deed from one W. H. Smith on August 1, 1928. She further alleged that the property in dispute was sold for the unpaid taxes for the year 1926 and was purchased at tax sale by W. H. Smith on July 14, 1927. The case went to trial on these two issues and the District Judge originally held that since the acquisition by Green B. White in 1902 showed that the property was in Range Two (2) and the title which the defendant's warrantor had as well as the tax title of her vendor showed the property was in Range Three (3), then there, were two entirely different pieces of property even though they were meant to be the same and the result of his holding was that the tax purchaser, W. H. Smith, received no title as a result of the misdescription of the range number in the tax deed and that Mrs. White correspondingly received no title from Smith and, therefore, could give no title to the timber to the defendant Lockhart. He further found that the defendant Lockhart had cut and removed the timber and granted a money judgment against both defendant Lockhart and the warrantor. A rehearing was granted and the District Judge on rehearing rejected the plaintiffs' demands against the defendants. From this judgment the plaintiffs appealed to the Supreme Court of this State and said court transferred the case to this court under the authority of Article VII, Section 30, of the Constitution, LSA-Const.
The facts in this case are that Green B. White died in the year 1921 owning one piece of property in East Baton Rouge Parish consisting of 75.32 acres of land. He had been married three times and it was during his second marriage that the property in dispute was purchased by him. The children of the second marriage are the plaintiffs in this suit. The last marriage of Green B. White was to Annie L. White, the warrantor in this suit, and he was living with her at the time that he died. In the year 1927, W. H. Smith bought the property at tax sale for the unpaid taxes for the year 1926.[1] Subsequently, or on August 1, 1928, Mrs. Annie L. White, the warrantor herein, acquired the property from W. H. Smith with the same description as contained in the tax deed, except the boundaries thereof were shown. Annie L. White sold the timber from this property to the defendant, Owen Lockhart, on July 1, 1952, and it was subsequent to this sale of the timber that the plaintiffs opened the succession of their father, Green B. White, and allegedly had themselves placed in possession of 31.68% interest in the 75.32 acre tract of land. The succession proceedings were not introduced in evidence. From the year 1921, the date of the death of Green B. White, until subsequent to the sale of the timber to Lockhart, Mrs. Annie L. White remained in actual possession of the property *920 and, of course, she was not a co-owner with the other heirs because the property had been acquired by Green B. White prior to his marriage to her.
While no assignment of errors has been set forth by appellants, we assume from the short brief filed that the contention is that since the father, Green B. White, had been dead for some six years prior to the tax sale, the property remaining assessed in his name, that no notice was given in pursuance of the constitutional requirement that notice be served "on the delinquent" and, further, that notice served on a dead man is no notice whatsoever. It is further appellants' contention that the description in the tax deed was not sufficient to transfer title to the tax purchaser, W. H. Smith, and, further, that during all the years that Mrs. Annie L. White remained on the property she was merely a licensee in possession as a result of an agreement with the other heirs and this constituted an interruption of prescription.
Under the provisions of Article X, Section 11, of the Louisiana Constitution of 1921, it is provided that no sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes for which the property was sold prior to the date of the sale, unless the proceeding to annul was instituted within six months of the notice of sale and within five years from the date of the recordation of the tax deed, if no notice is given. Another exception has been added by the jurisprudence to the effect that a tax sale may be set aside in cases where the tax debtor or his heirs remained in the actual corporeal possession of the property. Scheller v. Goode, La. App., 69 So.2d 96. This possession will be hereafter commented upon.
Under the provisions of LSA-R.S. 47:1965, an assessment made in the name of a party deceased is good and valid throughout this state unless notification in writing of the death and of whether or not the succession has been opened shall have been made in due season to the assessor by the heirs or parties interested and property assessed in the name of the owner as appears on the record of the recorder of mortgages at the date of the listing is deemed to be properly assessed. See Federico v. Nunez, 173 La. 957, 139 So. 18, holding that an assessment in the name of the record owner, even though dead, was valid.
Appellants' further contention is that the property was not adequately described in the tax deed because the acquisition of Green B. White showed that he owned property in Range Two (2) while the tax deed showed that the property was in Range Three (3). The last paragraph of LSA-R.S. 47:2181 provides:
"No tax sale shall be set aside or annulled for any error in description or measurement of the property assessed in the name of the owner provided the property sold can be reasonably identified."
In the case of Landry v. McWilliams, 135 La. 655, 65 So. 875, 877, the court held that the description of land which was advertised and sold for taxes was sufficient "to furnish the means of reasonable identification" and would sustain the sale even though the number of the township in which the land was located was erroneously stated in such description. In the case of Thornhill v. Burthe, 29 La.Ann. 639, it was held that the validity of a mortgage would not be affected by an error in the number of the "range" in which the property covered by the mortgage was situated if such property was otherwise described with such certainty as to clearly identify it. The description in the tax sale herein was as follows:
"Ward 5-75.32 acres being S¼ of SE¼ Sec. 28 and NW¼ of NE¼ Sec. 33 T4 S.R. 3 East."
The tax deed further showed it was sold by the Sheriff of East Baton Rouge. Thus, the description in the tax title corresponded exactly with the description under which Green B. White attained the property except for the range number and, in view of *921 the cases above cited, we are of the opinion that the property could be reasonably identified and the description was adequate to form the basis of a valid tax title. These appellants are not innocent third persons purchasing on the faith of the public records but are tax debtors and they make no pretense that they were misled as a result of the typographical or clerical error which designated the range as three rather than as range two. Appellants contend that even though Annie L. White had the actual physical possession of the property from the date of the death of her husband in 1921 to the date of the sale of the timber in July, 1952, to the defendant that said possession was in truth and in fact exercised by her under an agreement with them as the heirs of Green B. White. The testimony of the plaintiff, Luther White, as well as that of his brothers and sisters, was that immediately after the death of Green B. White, their father, they agreed to let Annie L. White and her children remain on the property, provided she would pay the taxes. Such an agreement is denied by Annie L. White and her two children and we note further from Luther White's testimony that even though he said that Annie L. White was to pay the taxes he further stated that he gave her money with which to pay said taxes. This statement is indeed inconsistent and causes us to reach the conclusion that no such agreement was ever entered into. We are, therefore, of the opinion that these heirs did not exercise any actual physical possession of the property through themselves or through Annie L. White. Thus, we are of the opinion that the tax title was cured by five years peremption under the provisions of Article X, Section 11, of the Louisiana Constitution of 1921.
In the cash sale from W. H. Smith, the tax purchaser, to Annie L. White on August 1, 1928, we note that the property is described the same as in the tax deed but it is further described as follows:
"On north by Milldale Public Road, on east by Britt Place, on south by Crocker land and on west by Ronaldson and Puckett Co. land."
The record does not contain the timber deed whereby Annie L. White sold the timber to the defendant Lockhart. However, the testimony which was not objected to definitely shows that Annie L. White sold the timber on the same property she acquired from W. H. Smith to the defendant Lockhart. The testimony further shows that this was the only property that Green B. White owned in East Baton Rouge Parish and Annie L. White had lived on it since his death. Her testimony also shows that she sold the timber from the property on which she was living. Where no objection is made to parol evidence when offered to show title to realty, such objection will be considered as waived and proof will be accepted as sufficient to establish title thereto, in Re Industrial Homestead Association, La.App., 198 So. 528-531. Thus, we are of the opinion that, even though the timber deed was not offered in evidence, adequate proof has been offered showing the sale of the timber from Annie L. White to defendant Lockhart.
We are of the opinion, as heretofore stated, that the tax title was good and valid. However, if it could be said that Annie L. White's possession was that of the appellants herein and they actually had the physical possession of the property through her and as a consequence prescription was interrupted, this still could not give any relief to the plaintiffs because even a co-owner who purchases at a tax sale acquires the legal title to the adjudicated property and the right of his co-owner to be reinvested with legal title is not a statutory or constitutional right but rests exclusively upon equitable considerations. Thus, where a co-owner buys property at a tax sale and lives on the property, the other co-owners lose their right to have their title restored by paying their proportionate share of the taxes to the purchasing co-owner whenever the rights of third parties have intervened, Hodgeson v. McDaniel, 233 La. 180, 96 So. *922 2d 481. A third party purchasing immovable property need look only to the public records and if such records do not show the recordation of any adverse claim sufficient to put such third party on notice he obtains a good title notwithstanding that he had personal knowledge of defects therein. McDuffie v. Walker, 125 La. 152, 51 So. 100; Thompson v. Thompson, 211 La. 468, 30 So.2d 321. There was nothing on the public record to show an adverse claim when the timber was purchased by the defendant Lockhart from Mrs. Annie L. White. The appellants herein did not open the succession of their father until after the timber had been sold and even though it could be said that prescription had been interrupted by the appellants maintaining physical possession of the property through the occupancy by Mrs. Annie L. White, this could not defeat the title of the third party, defendant, to the timber.
For the reasons stated, the judgment of the District Court is affirmed.
Affirmed.
NOTES
[1] In the tax deed the property is described as being in Range Three (3) while the acquisition of the property by Green B. White described the property as being in Range Two (2).