YARRUT, Judge.
This appeal was taken by the Defendant-husband for the failure of the trial court to allow him a credit of $1650 as rent for 22 months, at $75 per month, for the occupancy by his divorced wife and two children of the community home, on a rule taken by the wife for the unpaid alimony of $500 per month awarded to her and two minor children in the judgment of divorce.
At the time of the judgment of divorce, Appellee and her children were living in the community home. Appellee at no time paid any rent, nor was any rent demanded of her, nor did she ever agree to pay rent for occupying the community home. Since rendition of the divorce judgment and alimony decree, no claim or proceeding for a reduction of the alimony based on Appel- *671 lee’s occupancy of the family home was ever made or filed prior to this proceeding.
The Appellant-husband asked for and received credit for certain payments made on the mortgage, insurance premiums and taxes relating to the community home. The only issue here, as stipulated by the parties, is the failure oí the court to allow credit for the 22 months’ rent at $75 per month against the wife’s claim for unpaid alimony.
At the outset, both parties concede that the 22 months’ period, stated in the judgment to be from June 27, 1958 through June 26, 1960, should be corrected to cover the period from June 27, 1958 through April 26, 1960.
When Defendant consented to pay the alimony of $500 per month to his divorced wife and two children, he made no condition that she pay rent for living in the community home; nor ever demanded such payment except by claiming credit therefor against unpaid alimony, nor did he ever seek a reduction of alimony based upon her occupancy of the community home. Appellant-husband is a member of the Bar and well knew that, to be entitled to any reduction in alimony, he had to bring a rule for that purpose.
Had the original alimony judgment of $500 per month not been fixed by consent, or had the husband sought credit for her occupancy of the community home, she would have had an opportunity then to show his earnings justified both or more. Appellant has since re-married.
The refusal of the judge to allow credit for the 22 months’ rent was correct. One co-owner is entitled to occupy the property without becoming liable to other co-owners for rent for such occupancy. Juneau v. Laborde, 228 La. 410, 82 So.2d 693.
Since the parties have stipulated that the period of review for the 22 months’ delinquent alimony should be from June 27, 1958 through April 26, 1960, instead of through June 26, I960, the judgment is so amended.
For the reasons assigned, the judgment is amended and affirmed.
Amended and affirmed.