LANDRY, Judge
(dissenting).
It is my opinion the majority have erred in rejecting defendants’ plea of res judica-ta and finding for plaintiffs on the issue of fraud.
The plea of res judicata is based on prior actions brought by plaintiffs involving the same property, namely, White v. Lockhart, 229 La. 611, 86 So.2d 397, and *297 White v. Lockhart, 129 So.2d 917, First Circuit.
White v. Lockhart, 129 So.2d 917, was an action by Luther A. White, Curtis White, Allen White, Mrs. Bessie White Beard, Everett D. White and David White against defendant Lockhart for damages for alleged timber trespass on the property involved herein. The action was brought in Livingston Parish, Lockhart’s domicile. Plaintiffs therein demanded a percentage of the value of timber allegedly cut. Lock-hart’s defense was an alleged valid purchase of the timber from Annie Smith White, whom Lockhart called in warranty. Warrantor filed exceptions of (1) want of procedural capacity; (2) lack of interest; (3) no cause or right of action; (4) prescription, and (5) lack of jurisdiction over the subject matter. The trial court overruled warrantor’s exceptions of want of interest and prescription but maintained the remaining exceptions and dismissed plaintiffs’ suit with reservation of the right to bring an appropriate action in East Baton Rouge Parish. On appeal, the Supreme Court reversed the trial court insofar as it maintained the exceptions of no cause or right of action, want of procedural capacity and lack of jurisdiction. The Supreme Court then remanded the matter to the lower court for trial on the merits of the issue of title raised by warrantor. On remand, the trial court initially held for plaintiffs. On rehearing, the trial court reversed itself and rendered judgment for defendants. Plaintiffs’ appeal to the Supreme Court was transferred to this Court pursuant to Constitution Article VII, Section 30. This Court, see 129 So.2d 917, held the tax sale valid ab initio and also held it was cured by the prescriptive periods plead by defendant, which are the same as those plead by defendants herein. In addition, it held the title of defendant Annie Smith was expressly recognized and declared. The present action is a petitory action in which plaintiffs seek to be declared owners of the exact same property involved in the prior actions.
The trial court and the majority reject defendants’ plea of res judicata on finding the issues and parties are not the same. I disagree on both counts.
LSA-R.C.C. Article 2286 provides:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
It is settled in our jurisprudence that to support a plea of res judicata there must be a sameness of the parties and their qualities as well as a sameness of demands and causes of action. Quinette v. Delhommer, 247 La. 1121, 176 So.2d 399, and authorities therein cited. The principle of res judicata is stricti juris, and any doubt regarding the identity of parties or the sameness of the action must be resolved in favor of maintaining the action. Quinette v. Delhommer, above.
The majority find the plea of res judica-ta unfounded because the former action was for money damages for alleged timber trespass whereas the instant action is to determine ownership of land. The majority also finds a variance of parties.
The former action was in Livingston Parish, the domicile of the principal defendant, Lockhart. Warrantor therein, defendant in this action, was not a domiciliary of Livingston Parish. On this basis, plaintiffs argue the court in Livingston Parish was without jurisdiction to determine ownership of land situated in East Baton Rouge Parish, inasmuch as such an action must be brought where the property is located pursuant to LSA-C.C.P. Article 80 and other cited statutory provisions. Plaintiffs also urge that jurisdiction over the subject matter cannot be conferred by consent and that a judgment rendered by a court without jurisdiction over the subject *298 matter is void pursuant to La. Code of Practice Article 92; LSA-C.C.P. Article 3. A void judgment, according to plaintiffs, cannot serve as the basis of a plea of res judicata. Finally, plaintiffs contend the issue of fraud was not raised in the former action therefore the issues are different and defendant may not plead res judicata.
In White v. Lockhart, above, defendant Annie White alleged, when called in warranty, that the suit was converted into a petitory action and the trial court was without jurisdiction because she had not been sued at her domicile as required by Code of Practice Article 162. She also excepted to plaintiffs’ capacity to stand in judgment. In addition, she filed an exception of no right and no cause of action claiming plaintiffs were without title to the land described in the petition. Lastly, defendant affirmatively claimed ownership of the property involved. The trial court sustained defendants’ exceptions. The Supreme Court, however, see White v. Lock-hart, 229 La. 611, 86 So.2d 397, reversed the trial court and remanded the matter upon finding the trial court had jurisdiction pursuant to Code of Practice Article 165(9) which created exceptions to Code of Practice Article 162. In effect the Supreme Court held the action was filed in the proper forum for trespass actions as provided in Code of Practice Article 165(9). It appears the Supreme Court characterized the action as a trespass action for jurisdictional purposes. Noting the parties named in the petition, the Supreme Court held plaintiffs possessed procedural capacity to stand in judgment. The Supreme Court then held warrantor’s (defendant herein) exception of no right and no cause of action, based on plaintiffs’ alleged lack of title, was an issue that could not be tried as an exception but one which must be heard on its merits. Subject to these findings and instructions, the matter was remanded by the Supreme Court to the trial court to be heard on the merits. It would appear the Supreme Court was aware that under the claim of ownership set up by warrantor in opposition to plaintiffs’ claim for damages, resolution of this vital issue between plaintiffs and warrantor was indispensable in determining the validity of the rights asserted by plaintiffs. Had not the Supreme Court found the trial court had jurisdiction to try the petitory dispute raised between warrantor and plaintiffs, it would not have remanded the matter to the trial court for trial of the merits of this very issue.
I find no merit in plaintiffs’ contention the former action may not be plead as res judicata because the trial court lacked jurisdiction to try the petitory ' dispute between plaintiffs therein and warrantor Annie White who set up an adverse claim of ownership to the land involved. The former action was decided by the trial court prior to January 1, 1961. The decision therein by this court was rendered April 10, 1961. LSA-C.C.P. did not become effective until January 1, 1961. Therefore the matter was controlled by the provisions of our former Code of Practice. See Section 4(B) (2) (a) and (b) of the act implementing LSA-C.C.P. appearing at LSA-C.C.P. Volume 1, page 748.
Louisiana Code of Practice Article 384 states:
“The warrantor thus cited is bound to appear before the court in which the principal demand has been instituted; even when he resides out of its jurisdiction, in order to defend the suit for the defendant; he may plead every exception in defending the cause which the defendant himself might have pleaded; even such as are personal to such defendant.”
Applying the foregoing codal authority, Jones v. Louisiana Oil Ref. Corp., 3 La. App. 85, held that a warrantor of defendant is bound to appear and cannot successfully except to the jurisdiction of the court even though he resides out of the jurisdiction of the tribunal in which he is called.
There appears considerable doubt whether, under our former Code of Practice, *299 venue of a petitory action was jurisdictional in nature. Comment (b) to LSA-C.C.P. Article 44, states:
“(b) The general rule under the 1870 Code seems to be that venue is waivable, either by an appearance without objection to the venue, or by default. But the question is not free from doubt. In a recent court of appeal decision, it was held that the right to be sued at one’s domicile is jurisdictional and can be urged even after default, and by the court on its own motion. Automobile Insurance Co. of Hartford, Conn. v. Thornton, 56 So.2d 308 (La.App.1951).”
Plaintiffs’ reliance upon LSA-R.C.C. Articles 840, 1290 and 1291, as decisive of the issue that the trial court lacked jurisdiction to try the issue of ownership in the prior action, is without foundation. Article 840, above, deals solely with venue in boundary actions; Articles 1290 and 1291, above, are concerned only with venue in partition suits. Code of Practice Article 165(1), cited by plaintiffs, is irrelevant in that it applies only to actions for partition. Moreover, Code of Practice Article 165(8) is also inapplicable to this question since the Supreme Court in the former action chose to find the trial court possessed jurisdiction by virtue of Code of Practice Article 165(9).
Under our former Code of Practice it was well settled that a petitory action constituting the principal demand could be brought either where the property was situated or at the defendant’s domicile. Blanchard v. Ternant, 4 Mart. (N.S.) 188; Municipality No. 2 v. Garland, 11 Rob. 387; Maduel v. Tuyes, 30 La.Ann. 1404; State v. Buck, 46 La.Ann. 656, 15 So. 531; Reugger v. De Brueys, 146 La. 283, 83 So. 556.
Assuming, for argument’s sake, the matter of venue in a petitory action was jurisdictional when the former action was tried, present defendant, when called in warranty, could not successfully except to the jurisdiction of the trial court because of the exception provided in Code of Practice Article 384. In addition, warrantor’s exception to the jurisdiction in the prior action was expressly overruled by the Supreme Court and she was ordered to try the issue of ownership on the merits. Under such circumstances, it cannot reasonably be argued the trial court lacked jurisdiction.
I find the cause of action in both cases to be identical between plaintiff and defendant. On remand of the former suit to the trial court the issues tried were (1) warrantor’s denial of plaintiffs’ ownership and assertion of warrantor’s title, and (2) the validity of warrantor’s alleged title through the 1927 tax sale to Smith and Smith’s subsequent transfer to warrantor. On appeal, this court held warrantor’s contentions that the notice of tax sale was sufficient and the description in the tax deed adequate to sustain the sale for unpaid taxes. This court also found as a fact that there was no agreement between plaintiffs and Annie Smith White to the effect plaintiffs allowed the latter party and her children to reside on the property provided she paid the taxes thereon. In addition, this court sustained warrantor’s plea of prescription provided for in Louisiana Constitution of 1921, Article X, Section 11. In the former action we noted: “We are of the opinion, as heretofore stated, that the tax title was good and valid.” The same identical issues are presented in this action.
It is settled law that regardless of the form or procedure by which the same issue or question is presented between the same parties, whether by petition, exception, rule or intervention, if the same issue or question recurs between the same parties, even under a different form of procedure, the exception of res judicata estops further proceedings in the matter. Carbajal v. Bickmann, 192 La. 56, 187 So. 53; Greenwood Planting and Mfg. Co. Limited v. Whitney Central Trust and Savings Bank, 146 La. 567, 83 So. 832; Quinette v. Delhommer, La.App., 165 So.2d 900. These cases hold that issues resolved between one *300 or more third parties and one or more principal parties in a given action, form the basis for a plea of res judicata in a subsequent suit between these same parties even though all of the parties appear as principals in the second suit. I believe this rule is dispositive of the case at hand. The only difference between the cause of action presented in White v. Lockhart, above, and this case is that in the prior action the question of title was raised between the same parties by third party action whereas here the identical issue is contested by the parties both appearing as principals.
The thing demanded in the prior action as a result of the claim of ownership asserted by warrantor therein, is identical to that involved in the case at hand. In both instances ownership of the same tract of land is in contest.
I also find the qualities of the parties in each instance are identical. In both cases plaintiffs are claiming as heirs of Green B. White and defendant Annie Smith White asserts title by virtue of the same tax sale and subsequent acquisition from the tax sale purchaser.
I find no merit in plaintiffs’ contention that the exception of res judicata is inapplicable herein because the issues in the case at hand are different. Plaintiffs rely, in this respect, upon their plea of fraud which was alleged for the first time in this action. This issue is settled by Brown Land and Royalty Co. v. Pickett, 226 La. 88, 75 So.2d 18. In the cited authority the Supreme Court held that parties litigant in a petitory action, whether plaintiff or defendant, must set up whatever title or defense they may have. Failure to assert a claim or right will, under the doctrine of res judicata, bar a second suit based on a right or claim which existed at the time of the first suit even though omitted therefrom. The reason for the rule is the orderly and expedient handling of cases in the courts. The ills to be avoided are congested dockets and protracted, repeated litigation of the same dispute and the expense and uncertainty incident thereto.
Nor do I find a variance of contending parties in the case at bar. All claimants herein were either parties or privies of parties in the former suit.
The Supreme Court determined the plaintiffs in the prior action to be Luther A. White, Curtis White, Allen White, Mrs. Bessie White Beard, Everett D. White and David White. Plaintiffs in this suit are: Everett White, Mary W. Beard, Allen White, Curtis White; James Vernon White and Luther A. White, individually, and on behalf of David White, Mary W. Byers and Minnie White Nichols. Mary White Byers, Tom H. White and William David White were the only children of decedent’s first marriage. Mary White Byers sold her interest to Margaret White Browning, Elisha White and Abbie R. White, children of the third marriage and defendants herein. Tom White left two sons, David White and Everett White. In this action and the former suit as well, Everett White was a party plaintiff. David White, now deceased, was also a plaintiff in the prior suit. David White left two children, namely, Thomas E. White, who disclaims all interest in the property, and John David White, Jr., who is a party plaintiff herein. Mary Elizabeth White Beard, the only daughter of Tom H. White, was a party to the first suit and is a party in this action. William David White died leaving two children, Allen White and Curtis White, both of whom were plaintiffs in the first suit and appear herein in that same capacity.
Of the three children of decedent’s second marriage, two, namely, James Vernon White and Minnie White Dirr Nichols, have sold their interests to Margaret White Browning, Elisha White and Abbie R. White. Luther A. White was a party plaintiff in the prior suit and is also plaintiff in this action.
The authority of the thing adjudged applies to the parties and their privies. The *301 term “privies” includes and encompasses the representatives and successors, including any person having a legal right or interest in the subject matter of the prior suit derived through succession, assignment or transfer from the litigant who asserted the right. The term “privies” also includes any person whose legal right or interest in the subject matter of the former action was asserted by his legal representative such as the husband asserting a community claim of the wife or a tutor advancing a claim of his minor ward. Coates Equipment and Service, Inc. v. Glover, et al., La.App., 181 So.2d 455. John David White, plaintiff herein but not in the former action, is bound by his father’s appearance as plaintiff in the first suit. All plaintiffs at bar were either parties or the privies of parties in the former action.
Neither do I find any variance in the contending parties insofar as concerns defendants herein as alleged and urged by plaintiffs. In the first action Annie White was sole defendant insofar as concerned the ownership issue raised when she was called in warranty. In this action, defendant’s four children, Maggie W. Browning, Elisha White, Alma White Martin and Ab-bie R. White, are joined as defendants. It is significant that defendant’s four children do not claim any interest in the property as heirs of their deceased father. They also recognize the validity of defendant’s acquisition from W. H. Smith. On the contrary, the record discloses these children concede their mother’s ownership, Maggie W. Browning, Elisha White and Abbie' R. White have acquired by quit claim deeds the interests of Mary White Byers, James Vernon White and Minnie White Dirr Nichols. A vendee is privy to his vendor and stands in the shoes of his vendor insofar as the principle of res judicata is concerned. Quinette v. Delhommer, above. The same rule applies to the transfer of defendant Annie Smith’s interest to her daughter, Alma White Martin, subsequent to institution of this present action.
The children of decedent’s third marriage are joined as defendants on the basis of alleged agreements between them and their mother giving the children some interest in the land. In this respect the children would be privies of their mother, Annie Smith White. As such, the plea of res ju-dicata available to her is also available to them. Since the stipulated facts recite that the children of the third marriage disclaim any interest as heirs, the sole dispute as to ownership is between defendant Annie Smith White and plaintiffs.
Lastly, plaintiffs maintain the demands in the two actions differ in that the present suit seeks recovery of rent allegedly due by the children of the third marriage by virtue of their occupancy of plaintiffs’ fractional interests in the property. No such claim is made against defendant Annie Smith White. Plaintiffs cannot, by injecting new issues as to new parties, avoid the effect of the principle of res ju-dicata as regards different issues previously adjudicated adversely with another party. To so hold would completely emasculate the concept of res judicata. Admittedly, the children of the third marriage may not plead res judicata as to plaintiff’s claim for rent.
The rent claim, however, is amenable to the exception of no cause of action filed by the children of the third marriage. Out law is settled that a co-owner is entitled to possess the property held in common without incurring liability to his co-owners for rent. Wagner v. Wagner, La.App., 134 So.2d 670. Accepting the allegations of the petition as true insofar as it seeks recovery of rent from the children of the third marriage, plaintiffs’ petition states no cause of action.
I respectfully dissent.
Rehearing denied.
LANDRY, J., dissents from refusal to grant a rehearing.