## PEYTON v. NOBLE et al.
### No. 4766.

Court of Appeal of Louisiana. Second Circuit.

March 2, 1934.

R. J. O'Neal, of Shreveport, for appellant.

Harry V. Booth, of Shreveport, for appellees.

DREW, Judge.

On July 27, 1931, Andrew P. Peyton entered suit against J. A. Noble and Noble Boiler Works for rent in the sum of $225, and provisionally seized certain personal property consisting of a boiler, drum, air compressor, pipe, vice, steel locker, and some second-hand steel. On September 8th following, defendant bonded the property and executed a forthcoming bond in the sum of $275, with Rex Morrisett and Harry V. Booth as bondsmen. On August 31st, defendants filed answer admitting the amount claimed by plaintiff, but reconvened

for $750 and prayed for judgment for the difference. On September 31, 1931, plaintiff in open court, with the consent of defendants, amended his petition by praying for judgment in the sum of $325. We find at the foot of the original petition the following: "Petition amended in open court, praying for judgment for $325.00, September 30, 1931," and below this the following: "Service of amended petition accepted and citation waived. Time is also waived and judgment confessed in open court. September 30, 1931. J. F. Phillips, attorney for defendant."

We likewise find in the record the following written agreement of the same date:

"It is agreed by and between plaintiff and defendant, that as this is a suit for rent for May, June and July, 1931, at $75.00 per month; and whereas rent has accrued for the months of August and September, 1931, therefore this suit is compromised and settled on the following terms and conditions:

"1. Plaintiff shall have judgment for $325.00 in full settlement of all claims and demands for rent, with recognition of lien and privilege as provided by law.

"2. The aforesaid judgment shall not become executory until October 16, 1931.

"3. The defendants are to have and receive without further payment one boiler, one still, brick and air compressor now located on the leased premises.

"4. It is agreed that judgment shall be rendered for the above amount as if plaintiff had sued for same originally, and that by this agreement is agreed that plaintiff's suit be considered as amended to that extent."

In accordance therewith, the lower court rendered judgment in favor of plaintiff and against defendant J. A. Noble in the sum of $325, with 5 per cent. per annum interest from October 15, 1931, until paid, setting forth that the judgment was to become executory October 16, 1931; recognizing plaintiff's lessor's lien and privilege; and maintaining the writ of provisional seizure and ordering the property seized to be sold upon the judgment becoming executory. On the same day, plaintiff wrote to defendant as follows:

"Mr. J. A. Noble, Noble Boiler Works.

"Whereas a judgment has been agreed upon whereby I have been granted judgment for $325.00, executory October 16, 1931, this is to advise that if you pay me $200.00 on said judgment on or before October 15, 1931, then I agree that I will grant you 30 days' additional time to pay the balance of said judg-

━For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

ment; but in the event that you do not pay the $200.00 on or before the 15th, the judgment is to become executory for the whole on the 16th day of October, 1931.

"Yours truly,

"A. P. Peyton."

On October 19, 1931, and after the judgment had become executory according to its terms, plaintiff and defendant through their attorneys came into court with the following:

"Whereas, on September 30, 1931, the plaintiff and defendant entered into an agreement whereby the above case was compromised and this court authorized to sign a judgment in favor of plaintiff for $325.00 which judgment was signed on said date; that at the time of the signing of said judgment the parties overlooked that the amount was in excess of the amount for which this court could render a judgment.

"Therefore, it is now agreed that the judgment signed herein on September 30, 1931, shall be set aside and that a new judgment be signed herein for the sum of $300.00 instead of and in lieu of the judgment of $325.-00; and, subject to this amendment, that the agreement between the parties remain the same."

And on the following day the lower court rendered the following judgment:

"By reason of the written agreements of the parties hereto filed herein and the law and evidence being in favor thereof:

"It is, therefore, ordered, adjudged and decreed that A. P. Peyton do have and recover judgment against J. A. Noble in the full sum of Three Hundred and no/100 ($300.00) Dollars, with 5% per annum interest thereon from October 15, 1931, until paid.

"It is further ordered, adjudged and decreed that plaintiff's lessor's lien and privilege on the property seized under the writ of provisional seizure issued herein be recognized and that the writ of provisional seizure is hereby sustained; and said property ordered seized and sold, according to law, upon this judgment being executory.

"It is further ordered, adjudged and decreed that the defendant pay the costs of this suit.

"Thus done, rendered, read aloud and signed in open court at Shreveport, Louisiana, this the 20th day of October, 1931.

"David B. Samuel,

"City Judge."

It is to be noted that this judgment does not refer to the original judgment; it does not attempt to set it aside nor annul it. On the same day the second judgment was signed, plaintiff filed another suit against defendant for $75, for one month's rent on the said property, and provisionally seized the same identical property seized in the first suit. He secured judgment without contest and had the property advertised and sold under this last judgment, and bought it in. The bondsmen had no knowledge of either of these judgments.

In June, 1932, plaintiff caused a fi. fa. to issue under the second judgment of $300. The property to be seized thereunder having been previously sold, the fi. fa. was, on June 29, 1932, returned nulla bona, reciting that the officer had served notice on the bondsmen to deliver the property, and they had failed to do so. Thereafter, on August 1, 1932, the present suit was filed against J. A. Noble and his bondsmen, Rex Morrisett and Harry V. Booth, on the forthcoming bond, praying for judgment in the sum of $275. J. A. Noble, having been adjudged a bankrupt, was represented in the suit by the trustee who had been appointed.

All defendants filed exceptions of no cause or right of action based on the ground that the first judgment rendered in the suit No. R-4382, in which suit the forthcoming bond was given, was a nullity, for the reason that the court rendering same was without jurisdiction ratione materiæ, and that likewise the second judgment rendered in the same suit was a nullity. All defendants then answered alleging many irregularities, fraud, etc., that would bar plaintiff from recovering. We deem it unnecessary to recite the allegations in the lengthy answers, due to our conclusion on the exception of no cause or right of action, which is likewise set up as a defense in the answers.

After hearing in the lower court, the demands of plaintiff were rejected, and he has appealed.

█ The entire proceedings in this case were had in the city court of Shreveport, La., which has jurisdiction in civil cases where the amount involved does not exceed $300. Therefore, when plaintiff amended his original petition by increasing his claim from $225 to $325, he put the case beyond the jurisdiction of the city court, and all proceedings had in the case from that time on were absolutely null. The moment the demand was increased to $325, the judge of the lower court should of his own motion have dismissed the case for want of jurisdiction. The original judgment for $325 was an absolute nullity and certainly after it became executory it was too late

to cure it. There was no remittitur entered prior to judgment, and a mere agreement among counsel afterwards that the court should enter another judgment for an amount within the court's jurisdiction does not cure the case nor make valid a judgment which was a nullity. At the time the judgment was rendered, the court was without jurisdiction to render any judgment of any kind, and every action taken by the lower court after the case was taken out of its jurisdiction was an absolute nullity.

In passing, we might say that the seizure was made when the court had jurisdiction; the bond was likewise given at that time, and, immediately upon the court losing jurisdiction, the seizure became invalid and the bondsmen were then released.

We find no error in the judgment of the lower court, and the judgment is affirmed, with costs.