376 So.2d 510 (1979)
CUSTOM ACCEPTANCE CORPORATION
v.
Miss Frances PAUL.
HOME FINANCE CORPORATION of New Orleans
v.
Frances PAUL a/k/a Mrs. Frances Paul.
Nos. 10613, 10614.
Court of Appeal of Louisiana, Fourth Circuit.
October 4, 1979.
Rehearings Denied November 19, 1979.
*512 Charles E. Cabibi, Jr., Cabibi & Cabibi, New Orleans, for Custom Acceptance Corp.
Paul W. Odenwald, Maurice E. Clark, Jr., Clark & Odenwald, New Orleans, for Home Finance Corp.
Frances Paul, unrepresented.
Before REDMANN, LEMMON and BOUTALL, JJ.
REDMANN, Judge.

Motion to Dismiss
These consolidated cases were selected by this panel for an accelerated disposition docket although appellant had not yet filed a brief. We notified counsel by Order of September 18 that the case would be submitted September 28, by which time we would have read briefs and record and might decide the case on that day. Appellant did not by then file a brief. Appellees' counsel were present (although they had not requested oral argument under Rule 8 § 1) and orally moved dismissal under R. 7 § 5(b), providing we "may" dismiss. We now recall our oral grant of that motion; the proper exercise of our discretion required its denial.
We first note that our experimental accelerated disposition docket is not conducted according to our ordinary procedures. Even when oral argument has not been requested, R. 8 § 1, we have continued to place cases on our docket distributed to counsel over 30 days prior to hearing (or submission without hearing), R. 5 § 3; yet on accelerated disposition we have given only a week or ten days' notice. Most important, we have fully prepared the cases which were selected on the basis of their noncomplexityto the extent of preparing a proposed opinion. The whole economy of our accelerated disposition docket depends on avoiding repetition in considering a case and we therefore try to handle the case completely without interruption: briefs, record, independent research, and drafting of an opinion subject to change if oral argument warrants it. Here, there was to be no oral argument. We had completed our review and concluded that appellant's suits to annul default judgments against her for lack of service of process were meritorious, and that the trial judge's dismissal of those nullity suits as untimely was erroneous.
Additionally, the Louisiana Supreme Court has reiterated that the presumption of abandonment of R. 7 § 5(b) must in any case yield to a post-dismissal objection by appellant, Wilson v. Schwegmann Brothers G.S.M. Inc., La.1979, 370 So.2d 1333, questioning the presumption's validity (perhaps especially when, as here, appellant has paid the costs of the appeal).
We now conclude we erroneously exercised our discretion in dismissing this appeal when we had already completed our appellate review and we knew that appellant was entitled to the relief that she paid the costs of an appeal to obtain. Our dismissal is therefore recalled.

*513 Merits

This appeal in two consolidated cases asks whether an action for nullity of a default judgment for lack of service of process is barred by "laches" because of the judgment debtor's failure to sue for nullity until four months after service upon her of a rule to examine judgment debtor and three months after submission to that examination. (Plaintiff did not sue for nullity until her wages were garnished.)
We answer that it is not. C.C.P. 2002 expressly declares that "Except as otherwise provided in Article 2003, an action to annul a judgment on these grounds [including lack of service of process] may be brought at any time." The question is thus whether simple submission to judgment debtor examination is acquiescence in the judgment or whether the examination itself is "execution" within art. 2003.[1]
C.C.P. 2451,[2] cited by one appellee as showing that a judgment debtor rule is "execution" of the judgment, shows that examination of the judgment debtor is only a procedure "[i]n aid of execution" (emphasis added). Execution, by sheriff's (or constable's) sale or by garnishment, begins with a writ of fieri facias, C.C.P. 2291, 2411, but the issuance of fi. fa. or even seizure under fi. fa. cannot be "execution" within C.C.P. 2003 because one never served with process might have no notice until the seizure occurs and seizure cannot rationally constitute both the first notice of execution and the extinguishment of the right to enjoin execution. Therefore art. 2003 cannot reasonably intend to deny the action of nullity to a defendant merely because he was present in the parish when fi. fa. issued or seizure occurred. Art. 2003 estops a defendant present in the parish "at the time of [the judgment's] execution" only where execution has been completed, that is, where property has been not only seized but sold, or where garnishment not only has arrested funds in the hands of the garnishee but has obliged the delivery of the funds through the sheriff to the judgment creditor.[3]
We therefore conclude that examination of a judgment debtor by court order under C.C.P. 2453especially where, as here, the debtor protests both lack of service and nonliability on the merits at the examinationis not "execution" of the judgment within C.C.P. 2003's rule preventing an action of nullity by a defendant "who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement". We also conclude that a debtor who submits to the court-ordered examinationespecially with those protestshas not "voluntarily acquiesced in the judgment" within art. 2003.
We therefore reverse the holding that dismissal is required because of the judgment debtor's "laches" or having "slept on her rights," as the trial judge ruled.
On the merits of the action for nullity, we note that the trial judge did not make a ruling. We infer, from his recital that defendant "slept on her rights," that the trial judge may well have believed that defendant had rights, namely to annul for lack of service; he thus may have believed defendant's evidence that she was not served.
Defendant, 22 years old, and her mother both testified that she lived at a *514 Desire street public housing project apartment with her mother for the past 20 years, and no place else during that time. Indeed, the one service that she agrees was made upon her (by a deputy constable other than the one who testified) was made at the Desire street address provided by appellee Custom Acceptance in its petition to examine judgment debtor.[4]
The deputy constable who served the two original petitions, at an apartment on Gibson street in the St. Bernard public housing project, testified that he served them (at two different times) upon a person who identified herself as defendant. The deputy recalled that the person upon whom he served the second petition at Gibson street was the same person upon whom he served the first. He could not, however, say that defendant was that person: she looked "Similar, but [I] could not say [she was the] same one."
One further bit of evidence bears mention: defendant testified she suspects it is her sister (presumably more similar-looking than a stranger) who has caused the present problems, beginning with using defendant's name for credit purposes.
We conclude under the circumstances, in view of the positive testimony of defendant and her mother, and the uncertain testimony of the deputy, that the judgment must be reversed and the original judgments annulled for lack of service.
Reversed; prior judgments annulled.
NOTES
[1] A defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002.
[2] In aid of execution the judgment creditor may examine the judgment debtor, his books, papers, or documents, upon any matter relating to his property, either as provided in Articles 1421 through 1515 or as provided in Articles 2452 through 2456.
[3] We do not have to rule on whether art. 2003's "execution" means complete execution in the sense of full discharge. An ignorant or procrastinative defendant, present in the parish, who has suffered the sheriff's sale of one item or garnishment as to one or two week's wages is surely thereby prevented from questioning the judgment to that extent; but whether he could seek the annulment of the judgment so as to prevent execution for its balance is a question not before us in this case.
[4] That address was also provided by Custom in its original petition. Yet a third deputy (who also did not testify) returned that petition to the Clerk, marked "unknown at Apt. C 2830 Desire." The citation was amended by some unidentified hand to show the Gibson street address that appellee Home Finance had provided in its original petition filed meanwhile.