583 So.2d 97 (1991)
Morgan BRYANT, et al., Plaintiffs-Appellants,
v.
Charles L. PIERSON, et ux., Defendants-Appellees.
No. 90-63.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1991.
*98 Henry R. Liles, Lake Charles, for plaintiffs-appellants.
Barnett, Pitre, Yoes & Kay, Mesonie T. Halley, Jr., Lake Charles, for defendantsappellees.
Before STOKER, LABORDE and KNOLL, JJ.
KNOLL, Judge.
This appeal concerns whether a city court had subject matter jurisdiction over the instant suit for rental payments due on the remainder of a five year lease contract.

FACTS
On September 2, 1986, Charles L. Pierson and Lois Pierson, entered into a rental agreement with Morgan Bryant, Dorothy Bryant, and Glenn Bryant, for the five year lease of a house located in Calcasieu Parish. On October 24, 1988, the Bryants filed suit in the city court of Sulphur seeking $12,625 plus interest and attorney's fees for the Piersons' nonpayment of rent. At the trial on the merits, the city court awarded the Bryants $13,395 plus $2000 attorney's fees and ordered the Piersons to pay all costs of the proceedings. At that time, the subject matter jurisdiction of city courts was limited to $10,000.
After the Bryants had successfully instituted garnishment proceedings, the Piersons filed a motion to vacate the judgment for lack of subject matter jurisdiction and, in the alternative, a motion for new trial. The city court granted the motion to vacate the judgment for lack of subject matter jurisdiction and reduced the judgment from $12,625 to $10,000, but did not disturb the award of attorney's fees and interest. The city court denied the motion for new trial. Shortly thereafter, the Bryants filed a second set of garnishment proceedings.
The Piersons appeal the judgment of the city court and contend the Sulphur city court had no subject matter jurisdiction over the instant suit. In brief, they contend that based on the original petition filed by the Bryants, the Sulphur city court never acquired subject matter jurisdiction over the case sub judice, and its subsequent reduction of the award to comply with the jurisdictional limits of the court is an absolute nullity.
In response, the Bryants contend that the judgment of the Sulphur city court should be affirmed since: 1) the Piersons failed to have the transcript of the hearing included in the record on appeal and, therefore, there is nothing to review on appeal; and, 2) it was well within the court's discretion to reduce the judgment to comply with its subject matter jurisdiction. In the event this court concludes that the lower court lacked subject matter jurisdiction, the Bryants aver that the case should be remanded to city court to allow plaintiffs to remove the jurisdictional defect by an amendment of the petition pursuant to LSA-C.C.P. Art. 932.

SUBJECT MATTER JURISDICTION
LSA-C.C.P. Art. 4841 as it appeared when this suit was filed provided:
"A. The subject matter jurisdiction of parish courts and city courts is limited *99 by the amount in dispute and by the nature of the proceeding, as provided in this Chapter.
B. For the purposes of this Chapter, the amount in dispute is determined by the amount demanded or value asserted in good faith by the plaintiff, but does not include interest, court costs, attorney fees, or penalties, whether provided by agreement or by law."
LSA-C.C.P. Art. 4843 provided in pertinent part:
"A. The civil jurisdiction of a city court is concurrent with the district court in cases where the amount in dispute, or the value of the property involved, does not exceed ten thousand dollars."
LSA-C.C.P. Art. 2002 provides in pertinent part:
"A final judgment shall be annulled if it is rendered:
* * * * * *
(3) By a court which does not have jurisdiction over the subject matter of the suit.
Except as otherwise provided in Article 2003, an action to annul a judgment on these grounds may be brought at any time."
LSA-C.C.P. Art. 2003 provides:
"A defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002."
A judgment which is absolutely null because of lack of subject matter jurisdiction can be attacked collaterally by any party at any time, even through the use of a summary motion. Fritz v. Whitfield, 499 So.2d 962 (La.App. 3rd Cir.1986). Such a collateral attack must be predicated on defects patent on the face of the record. Succession of Moses v. Carr, 543 So.2d 77 (La.App. 1st Cir.1989), writ denied, 547 So.2d 362-63 (La.1989).
In the case sub judice, the Piersons' motion to vacate the judgment is well-grounded and a simple inspection of the pleadings and judgments reveals the lack of subject matter jurisdiction. We reject the appellees' contention that the lack of a transcript of the hearing is fatal to this appeal since the issues involved are legal rather than factual. The original petition filed by the Bryants shows that the Sulphur city court lacked subject matter jurisdiction since the amount demanded, $12,625, exceeded the jurisdictional limits of the court by $2,625. Moreover, the city court's initial award of $13,395 excluding attorney's fees in the first judgment also exceeded its jurisdictional limits. Once the Piersons brought to the court's attention this jurisdictional problem, the Sulphur city court treated it as a jurisdictional "deficit" and simply reduced the award to $10,000, the jurisdictional limit of the court. This attempted curative measure is contrary to the law, since any action taken by a court without proper subject matter jurisdiction is absolutely null. See, Petrovick v. State, 181 So.2d 811, 813 (La.App. 4th Cir.1966); Peyton v. Noble, 152 So. 812, 813 (La.App. 2nd Cir.1934). Allowing a court to cure its own jurisdictional defect by this method circumvents the basic doctrine of subject matter jurisdiction. From the initial filing of the original petition, the Sulphur city court did not have subject matter jurisdiction and, therefore, it follows that the judgment of the Sulphur city court in favor of the Bryants is absolutely null and, accordingly, vacated.[1]
We reject the Bryants' alternate contention of remanding the case to city court. The Piersons filed a motion to vacate the judgment for lack of subject matter jurisdiction rather than a declinatory exception of lack of subject matter jurisdiction *100 as contemplated by LSA-C.C.P. Art. 932.
We shall dismiss the instant suit without prejudice since the lower court's adjudication on the merits is null as a matter of law. Tucker v. New Orleans Laundries, Inc., 238 La. 207, 114 So.2d 866, 872 (1959); White v. Lockhart, 229 La. 611, 86 So.2d 397, 398 (1956).
For the foregoing reasons, the judgment of the lower court is reversed, vacated, and the suit is dismissed without prejudice. Costs of this appeal are assessed to appellees, Morgan Bryant, Dorothy Bryant, and Glenn Bryant.
REVERSED AND VACATED.
NOTES
[1] In rendering our decision, we also conclude that the two garnishment proceedings are not executions of the judgments of such a nature as to estop the Piersons from attacking the validity of the second judgment. Custom Acceptance Corp. v. Paul, 376 So.2d 510, 513 (La.App. 4th Cir.1979).