942 So.2d 595 (2006)
In re TRANSIT MANAGEMENT OF SOUTHEAST LOUISIANA, INC.
Stephen Schweitzer and Sandra Miller, Individually, and as the Natural Tutors and Custodians of the Minor Child, Shannon Schweitzer.
v.
Transit Management of Southeast Louisiana, Inc. d/b/a Regional Transit Authority and Michael J. Metoyer.
Nos. 2004-CA-0632, 2004-CA-0633.
Court of Appeal of Louisiana, Fourth Circuit.
October 20, 2006.
Rehearing Denied November 15, 2006.
Robert G. Harvey, Sr., Law Office of Robert G. Harvey, Sr., APLC, and W. *596 Patrick Klotz, Klotz & Early, New Orleans, LA, for Intervenors.
Brent D. Burley, Burley Law Firm, L.L.C., Gonzales, LA, for Stephen Schweitzer, on Behalf of his Minor Child, Shannon Schweitzer.
Louis C. LaCour, Jr., Adams and Reese LLP, New Orleans, LA, for Appellant, Lexington Insurance Company.
Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS SR., and Judge EDWIN A. LOMBARD.
CHARLES R. JONES, Judge.
We review a second motion to dismiss. This convoluted appeal, has seen countless writ applications and appeals post trial.
STATEMENT OF THE CASE:
Intervenors, W. Patrick Klotz and Robert G. Harvey, Sr. (hereinafter "Intervenors"), are plaintiffs' former counsel who seek the dismissal of defendant Lexington Insurance Company's (hereinafter "Lexington") appeal which is currently pending in this Court. Intervenors, who acted as plaintiffs' trial counsel, originally filed the present motion on behalf of plaintiffs on May 14, 2004. They argued that Lexington's suspensive appeal should be dismissed because this Court lacked the requisite jurisdiction to entertain the appeal. Specifically, intervenors argued that the October 13, 2003, judgment from which Lexington took its suspensive appeal had been recast as a result of: 1) this Court's granting of Lexington's writ application seeking the reversal of the trial court's denial of Lexington's motion for new trial, and 2) the rendition of a new final judgment on January 28, 2004. Intervenors further argued that because the October 13, 2003, judgment had been essentially vacated and replaced by the judgment of January 28, 2004, Lexington's motion for suspensive appeal, which was filed in response to the October 13, 2003, judgment, was no longer valid. In other words, intervenors argued that the granting of Lexington's motion for new trial set aside the original judgment and that this Court lacked jurisdiction to hear Lexington's appeal because Lexington failed to file a motion for appeal from the January 28, 2004, judgment. This Court granted the May 14, 2004, motion to dismiss filed by intervenors on behalf of plaintiffs. Therein, we stated, ". . . that the above captioned appeals Nos. 2004-CA-6332 C/W 2004-CA-6333 are hereby DISMISSED for lack of Appellate Jurisdiction". Judge Kirby's concurrence stated that:
"I concur in the majority's dismissal of Appeal No. 2004-CA-6332 C/W 2004-CA-6333 for lack of appellate jurisdiction. Pursuant to this Court's November 18, 2003 order, the trial court on December 3, 2003 granted Lexington Insurance Company's motion for new trial and recast the judgments previously rendered. The trial court subsequently rendered an amended judgment on January 28, 2004. The granting of a new trial sets aside the original judgment. Carrier Leasing Crporation[Corporation] v. Ready-Mix Companies, Inc., 372 So.2d 601 (La.App. 4 Cir.1979). Lexington's November 12, 2003 suspensive appeal is from judgments that are no longer valid."
However, Lexington sought writs of certiorari with the Louisiana Supreme Court who reversed this Court. Specifically, Chief Justice Calogero, writing for the Court, stated: "Writ granted; appeal reinstated; remanded. Because appeals are favored in law, and especially given the unique procedural facts of this case, we reverse the court of appeal's ruling dismissing the relator's appeal and remand for further proceedings." In Re Transit *597 Management of S.E. La., 04-1193 (La.10/29/04), 885 So.2d 570.
Upon remand to this Court, the parties filed briefs in response to Lexington's motion for suspensive appeal. Further, as intervenors note, plaintiffs discharged intervenors as their attorneys of record and hired their present attorney.[1] Intervenors further note that plaintiffs' new attorney removed this matter to Federal Court after placing the minor child, plaintiff Shannon Schweitzer, in bankruptcy. Intervenors assert that the Bankruptcy Court declined jurisdiction over this matter. It is possible that intervenors mean to state that the Bankruptcy Court declined jurisdiction over this appeal because plaintiffs' and Lexington's memoranda in opposition to intervenors' motion to dismiss both assert that Schweitzer is, in some capacity, before the Bankruptcy Court. Moreover, plaintiffs and Lexington also note that they have settled all outstanding claims and that they anticipate the Bankruptcy Court approval of their settlement agreement on October 10, 2006.[2] Furthermore, Lexington also notes that it has requested that this Court remove its appeal from this Court's active docket until the Bankruptcy Court approves the settlement. However, no motion has been filed in this record.
DISCUSSION:
We begin our discussion by reiterating the procedural history post jury verdict as evidenced by the record before this court:

--------------------------------------------------------------------------------------------
 Date Action
--------------------------------------------------------------------------------------------
August 28, 2003 Jury verdict.
--------------------------------------------------------------------------------------------
August 29, 2003 Motion to make jury verdict the judgment of the Court.
--------------------------------------------------------------------------------------------
September 5, 2003 The trial court makes the jury verdict the judgment of the court.
--------------------------------------------------------------------------------------------
September 15, 2003 Lexington files its first motion for judgment notwithstanding the
 verdict.
--------------------------------------------------------------------------------------------
September 16, 2003 TMSEL and Metoyer file motion for judgment notwithstanding the
 verdict and alternative motion for new trial.
--------------------------------------------------------------------------------------------
September 16, 2003 RTA files motion for judgment notwithstanding the verdict and
 alternative motion for new trial.
--------------------------------------------------------------------------------------------
October 8, 2003 Hearing wherein trial court denied TMSEL's and Metoyer's, RTA's,
 and Lexington's motions for judgment notwithstanding the verdict.
 Trial court grants TMSEL's and Metoyer's motion for new trial so
 that amended judgment will reflect the jury's verdict. Trial court
 grants RTA's motions for new trial to reflect the jury's finding of no
 liability on the part of RTA for plaintiffs' injuries.
--------------------------------------------------------------------------------------------
October 9, 2003 Trial court signs judgment memorializing rulings rendered on October
 8, 2003.
--------------------------------------------------------------------------------------------
October 13, 2003 Trial court signs an amended judgment that makes the verdict of
 the jury the judgment of the court and assigns to each party
 defendant a portion of the judgment for which each was individually
 liable. Specifically, the amended judgment cast Lexington, as
 insurer of TMSEL, in judgment for its policy limits of
 $10,000,000.00, plus interest and costs. Further, the amended judgment
 also cast Lexington, as insurer of TMSEL, in judgment for
 the total amount of $32,515,800.00, plus interest and costs, reflecting
*598
 90% liability, less TMSEL's $2,000,000.00 self-insured retention.
 The amended judgment further awarded Stephen Schweitzer and
 Sandi Miller $900,000 each in LeJeune damages.
--------------------------------------------------------------------------------------------
October 17, 2003 Lexington files motion for new trial to correct October 13, 2003,
 amended judgment that cast Lexington in judgment for amounts
 over and above its $10,000,000.00 excess insurance policy covering
 TMSEL.
--------------------------------------------------------------------------------------------
October 31, 2003 Plaintiffs file motion for devolutive appeal
--------------------------------------------------------------------------------------------
November 4, 2003 TMSEL files petition to annul judgment and for injunctive relief.
--------------------------------------------------------------------------------------------
November 5, 2003 Lexington files notice of intent to seek supervisory writs regarding trial court's
 October 9, 2003, and October 13, 2003, judgments.
--------------------------------------------------------------------------------------------
November 7, 2003 Fourth Circuit Court of Appeal denies Lexington's writ application
 noticed on November 5, 2003.
--------------------------------------------------------------------------------------------
November 10, 2003 Trial court grants TMSEL a temporary restraining order prohibiting
 plaintiffs or their attorneys from executing any judgment
 against TMSEL arising out of the accident at suit.
--------------------------------------------------------------------------------------------
November 10, 2003 TMSEL files notice of intent to seek writs regarding the trial court
 November 10, 2003, judgment that set security for a temporary
 restraining order for $2,500,000.00.
--------------------------------------------------------------------------------------------
November 12, 2003 Lexington files motion for suspensive appeal.
--------------------------------------------------------------------------------------------
November 12, 2003 In response to TMSEL's writ application the Fourth Circuit Court
 of Appeal stays proceedings, orders plaintiffs to file a response to
 TMSEL's writ application, and invites the trial court to file a per
 curiam setting forth the reasons for its decision regarding the
 security set out for TMSEL's temporary restraining order.
--------------------------------------------------------------------------------------------
November 14, 2003 Hearing on Lexington's motion for new trial.
--------------------------------------------------------------------------------------------
November 14, 2003 Judgment and reasons for judgment denying Lexington's motion for
 new trial.
--------------------------------------------------------------------------------------------
November 14, 2003 Lexington files notice of intent to seek writs regarding the trial
 court's November 14, 2003 judgment.
--------------------------------------------------------------------------------------------
November 18, 2003 Fourth Circuit Court of Appeal grants Lexington's writ application
 and orders trial court to grant Lexington's motion for new trial and
 render a judgment in accordance with the law and evidence.
--------------------------------------------------------------------------------------------
November 18, 2003 Lexington intervenes in TMSEL's petition for nullity and injunctive
 relief
--------------------------------------------------------------------------------------------
November 21, 2003 Plaintiffs file motion to dismiss TMSEL's writ application on the
 grounds that Glenn Haydel authorized
 plaintiffs to dismiss
 TMSEL's post-trial motions and writ applications.
--------------------------------------------------------------------------------------------
November 26, 2003 Order consolidating the present case with RTA v. Glenn Haydel, et
 al., CDC No. 2003-17431.
--------------------------------------------------------------------------------------------
December 2, 2003 Fourth Circuit Court of Appeal denies plaintiffs' motion to dismiss
 TMSEL's writ application
--------------------------------------------------------------------------------------------
December 2, 2003 Fourth Circuit Court of Appeal grants TMSEL's writ application
 and orders trial court to set a nominal bond for TMSEL's request
 for a temporary restraining order
--------------------------------------------------------------------------------------------
December 3, 2003 Trial court renders judgment eliminating RTA, TMSEL and Metoyer
 as defendants and awarding plaintiffs $10,000,000.00 plus interests
 and costs.
--------------------------------------------------------------------------------------------
December 12, 2003 Plaintiffs file motion for new trial objecting to the trial court's
 elimination of LeJeune damages from the judgment.
--------------------------------------------------------------------------------------------
December 29, 2003 Plaintiffs file application for supervisory writs concerning the trial
 courts December 2, 2003, judgment.
--------------------------------------------------------------------------------------------
December 29, 2003 Fourth Circuit Court of Appeal denies plaintiffs' writ application.
--------------------------------------------------------------------------------------------
January 28, 2004 Trial court grants plaintiffs motion for new trial.
--------------------------------------------------------------------------------------------
*599
--------------------------------------------------------------------------------------------
January 28, 2004 Trial court issues third amended judgment casting Lexington in
 judgment for $9,593,824.30, plus interest and costs. The third
 amended judgment also casts Lexington in judgment for Stephen
 Schweitzer's and Sandra Miller's LeJeune damages and awards
 them $203,087.84 each.
--------------------------------------------------------------------------------------------
May 24, 2005 Plaintiffs file notice of bankruptcy which states that case is automatically
 stayed by virtue of 11 U.S.C. 362(a).
--------------------------------------------------------------------------------------------

Further, in reviewing the remand from the Supreme Court, we note that we are not directed to permit ". . . briefing, argument and opinion . . .". Rather, we are ordered to consider the matter ". . . for further proceedings." Thus, we conclude that the Supreme Court is directing this court to give a more thorough discussion of the case prior to granting the Motion to Dismiss.
Intervenors' present motion to dismiss reurges the grounds for dismissal presented to this Court on plaintiffs' behalf in the May 14, 2004, motion. We note that with the exception of the last two paragraphs of the present motion both motions are essentially identical. Indeed, intervenors clearly assert in the present motion that they are reurging this Court to dismiss Lexington's appeal for the same grounds advanced in plaintiffs' May 14, 2004, motion to dismiss. While they assert no new grounds for the dismissal of Lexington's appeal, intervenors do make the bare bones assertion that the Supreme Court's reversal of this Court's dismissal, reinstatement of Lexington's appeal, and remand to this Court fails to confer jurisdiction upon this Court to entertain Lexington's appeal. Intervenors motion does not explain how the Supreme Court's rather explicit ruling fails to confer jurisdiction upon this Court. Further, intervenors also assert that a failure by this Court to dismiss Lexington's appeal will result in a violation of their due process and equal protection rights. Again, intervenors' motion does not explain how their rights will be violated should this Court fail to act upon their motion.
As previously noted, plaintiffs and Lexington have filed opposition memoranda in response to intervenors' motion to dismiss. Plaintiffs and Lexington both argue that this Court should deny intervenors' motion because the Supreme Court's prior ruling conclusively rejected the position now advanced by intervenors and reinstated Lexington's appeal. Moreover, plaintiffs object to intervenors' motion by hinting that intervenors' motion is, in some unexplained way, designed to interfere with, or nullify, plaintiffs' current attempts to settle their claims with Lexington.
APPEAL DELAYS
Code of Civil Procedure article 2083(A) provides that a "final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814. An appeal is taken by obtaining an order therefore, within the delay allowed, from the court which rendered the judgment. C.C.P. art. 2121. Further, Code of Civil Procedure art. 2123(A) states in pertinent part:
A. Except "as otherwise provided by law, an appeal that suspends the effect of the execution of an appealable order or judgment may be taken, and the security therefore furnished, only within thirty days of any of the following:
(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.

*600 (2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.
B. Whenever one or more parties files motions for a new trial or for judgment notwithstanding the verdict, the delay periods specified herein commence for all parties at the time they commence for the party whose motion is last to be acted upon by the trial court.
C. An order of appeal is premature if granted before the court disposes of all timely filed motions for new trial or judgment notwithstanding the verdict. The order becomes effective upon the denial of such motions.
The rules respecting devolutive appeals are substantially similar to those for suspensive appeals. Specifically, Code of Civil Procedure art. 2087 provides in pertinent part:
A. Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following:
(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
(2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.
B. When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any party may take a devolutive appeal therefrom within the delays allowed in Paragraph A of this Article or within ten days of the mailing by the clerk of the notice of the first devolutive appeal in the case, whichever is later.
C. When one or more parties file motions for new trial or for judgment notwithstanding the verdict, the delay periods specified herein shall commence for all parties at the time they commence for the party whose motion is last to be acted upon by the trial court.
D. An order of appeal is premature if granted before the court disposes of all timely filed motions for new trial or judgment notwithstanding the verdict. The order becomes effective upon the denial of such motions.
Additionally, Code of Civil Procedure art. 2088 provides that the "jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal."
However, the jurisprudence provides that the granting of a new trial sets aside the original judgment, which cannot thereafter afford the basis of a plea of res judicata or an appeal. Larose v. Naquin, 145 La. 1025, 83 So. 230, 232 (1919); Gilley v. Wendy's, Inc., 31,353 (La.App. 2 Cir. 12/9/98), 723 So.2d 517, 523; Mitchell v. Windham, 426 So.2d 759, 760 (La.App. 3 Cir.1983); Carrier Leasing Corporation v. Ready-Mix Companies, Inc., 372 So.2d 601, 603 (La.App. 4 Cir.1979). The judgment from the new trial becomes the final judgment from which an appeal may be taken. Carrier Leasing Corporation, 372 So.2d at 603. Therefore, a judgment that is set aside by a later judgment granting a new trial or a motion for judgment notwithstanding the verdict cannot form the *601 basis for a later appeal because the original judgment is superseded by the later judgment. Accordingly, a court of appeal has no jurisdiction to entertain an appeal from a judgment that has been recast by the trial court because of post-trial motion practice.
The essence of the movers' motion is that this court lacks jurisdiction to entertain an appeal wherein there has been no motion for appeal. Specifically, movers argue that the motion for appeal predates the amended judgment of January 28, 2004. This fact was noted by J. Kirby in his concurrence when he initially dismissed the appeal.
Perhaps the Louisiana Supreme Court, in its remand to this court, is suggesting that in those instances where a motion for appeal is filed and the judgment sought to be appealed is eclipsed by a subsequent amended judgment, then there is no need for a new motion for appeal.
Therefore, while we are mindful of the remand from the Supreme Court, the Motion to Dismiss does in fact have merit, as there has not been a timely filed motion for appeal.

DECREE
For the reasons stated herein, the MOTION TO DISMISS APPEAL IS GRANTED, and the Appeal of Lexington Insurance Company is DISMISSED.
MOTION GRANTED; APPEAL DISMISSED.
NOTES
[1] Plaintiffs' opposition memorandum asserts that intervenors were discharged for cause and stand "accused in federal bankruptcy court of conversion of the minor plaintiff's settlement funds from several pre-trial settlements, conflicts of interest with the minor on multiple fronts and legal malpractice."
[2] There has been no notice to this Court of a settlement in this case.