960 So.2d 1103 (2007)
Virginia B. NOLAN, Patricia Leche Miller, and Norman P. Leche, Jr.
v.
HIGH GRASS, LLC and Brian L. Caldwell.
No. 07-CA-80.
Court of Appeal of Louisiana, Fifth Circuit.
May 29, 2007.
*1104 Robert L. Eddy, III, Attorney at Law, Metairie, Louisiana, for Plaintiffs/Appellants.
Christopher H. Riviere, Eric L. Trosclair, Law Office of Christopher H. Riviere, Thibodaux, Louisiana, for Defendants/Appellees.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and CLARENCE E. McMANUS.
MARION F. EDWARDS, J.
Plaintiffs/appellants, Virginia B. Nolan ("Nolan"), Patricia Leche Miller ("Miller"), and Norman P. Leche Jr. ("Leche"), appeal a summary judgment in favor of defendants/appellees, High Grass, LLC ("High Grass") and Brian L. Caldwell ("Caldwell"). For the reasons to follow, we dismiss the appeal and remand.
Nolan, Miller, and Leche filed a Petition for Rescission of Sale of certain immovable property located in Lafourche Parish. It was alleged that Jefferson Parish was the proper venue because the sale contracts were executed, and Caldwell's actions took place, in that parish. Briefly, a tract of land known as the "Leche Tract" in Lafourche was co-owned by a number of people, including the parties. Several members of the Caldwell family, who were coowners, filed a partition suit in Lafourche. The property was ordered to be sold at public auction. On the day before the scheduled auction, Nolan, Miller, and Leche sold their respective fractional shares to High Grass. At those sales, High Grass was represented by co-owner Caldwell. Following the sheriff's auction, Nolan, Miller, and Leche determined that, based on the sale price of the tract obtained by the sheriff, the monies received by them from Caldwell were far less than the actual value of their shares of the property. They sought to have their sales to High Grass rescinded.
In the petition, it was alleged that the sales were null on two grounds. According to the petition, High Grass did not exist at the time that Nolan, Miller, and Leche sold their shares of the property. Lesion beyond moiety was also claimed. Finally, it was urged that, if the sale could not be rescinded, Caldwell owed Nolan, Miller, and Leche the difference between the price they were paid and their perceived actual interest based on the sheriff's sale.
*1105 Caldwell and High Grass filed a Motion for Summary Judgment, arguing that Nolan, Miller, and Leche could not prove lesion beyond moiety. Following oral argument, on May 9, 2006, the trial court granted the motion with Reasons. On Motion for New Trial and Alternatively for Amending or Supplemental Judgment, on June 30, 2006, the trial court amended its earlier judgment to specify that only the claim based upon lesion beyond moiety was dismissed, stating "however, any other claims of the plaintiffs seeking rescission or a declaration of nullity of the sales agreements based upon any grounds other than leision [sic] beyond moiety are not being dismissed."
Nolan, Miller, and Leche filed a Motion and Order to Appeal from the judgment of May 9, 2006.
The jurisprudence provides that the granting of a new trial sets aside the original judgment, which cannot thereafter afford the basis of a plea of res judicata or an appeal.[1] The judgment from the new trial becomes the final judgment from which an appeal may be taken. Therefore, a judgment that is set aside by a later judgment granting a new trial or a motion for judgment notwithstanding the verdict cannot form the basis for a later appeal because the original judgment is superseded by the later judgment. Accordingly, a court of appeal has no jurisdiction to entertain an appeal from a judgment that has been recast by the trial court because of post-trial motion practice.[2]
Thus, it appears that this Court is without jurisdiction to entertain the current appeal. In addition, the judgment in question is a partial judgment, which is not appealable. According to LSA-C.C.P. art. 1915(B), when a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
The judgment in this case, as it pertains to claim of lesion beyond moiety, does not adjudicate all the claims of all of the parties. Further, the trial court did not designate the judgment as final for purposes of immediate appeal, nor did it make a determination that there is no just reason for delay. Thus, on these additional grounds, the judgment before us is not appealable.[3]
For these reasons, the appeal is dismissed, and the matter is remanded to the trial court for further proceedings.
APPEAL DISMISSED; REMANDED.
NOTES
[1] In re Transit Management of Southeast La., Inc., XXXX-XXXX (La.App. 4 Cir. 10/20/06), 942 So.2d 595.
[2] Id.
[3] See, e.g., Slack v. Alcor Group, L.L.C, 04-928 (La.App. 5 Cir. 12/3/04) 893 So.2d 101.