IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-30769
Summary Calendar

IN THE MATTER OF:  SHANNON DONNELLY SCHWEITZER

                                        Debtor

ROBERT G. HARVEY, SR.; ROBERT G. HARVEY, SR. APLC, W. PATRICK
KLOTZ; KLOTZ & EARLY

                                        Appellants

v.

SHANNON DONNELLY SCHWEITZER

                                        Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-01836

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

    The former attorneys of the Debtor are challenging the district court's
approval of a settlement proceeding arguing that it abused its discretion.  We
disagree and affirm the district court's judgment.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

## I. BACKGROUND FACTS

On January 24, 1998, the debtor-appellee was injured in a fall from a moving street car in New Orleans. She has since incurred significant medical expenses because of her injuries. Her parents hired the appellant-lawyers on a contingency basis, and they sued Transit Management of Southeast Louisiana ("TMSEL"), Regional Transit Authority ("RTA"), Michael Metoyer, Perly Thomas, and Prudential Insurance Company. These parties settled before trial, but reserved rights against Lexington Insurance Company as excess insurer of TMSEL, RTA, and Metoyer up to Lexington's $10 million dollar policy limit.

In August, 2003, the debtor-appellee's personal injury suit was tried in Louisiana state court and resulted in a substantial verdict of $49,462,000. The Louisiana Fourth Circuit Court of Appeals reduced the verdict to $10 million based on the language in the pre-trial settlement, which was capped at the Lexington's policy limit. After various appeals and remands within the Louisiana court system, the Supreme Court of Louisiana on March 23, 2007 remanded the action to the Fourth Circuit Court of Appeals for a full review of Lexington's appeal on the merits after the Court of Appeals previously dismissed the appeal on jurisdictional grounds.[1] At this juncture, the parties (except for the former attorneys) all agreed to settle the case for around $8 million. This settlement was to the satisfaction of the debtor, her parents, the Trustee, and Lexington. They sought the bankruptcy court's approval of the settlement, which is governed by the three factor test established in Matter of Jackson Brewing Co., 624 F.2d 605, 607 (5th Cir. 1980):

> (1) The probability of success in the litigation, with due consideration for the uncertainty in fact and law,

---

[1] For a detailed description of the complex proceedings before the remand, most of which is irrelevant to this appeal, see In re Transit Mgmt. of Se. La., Inc., 942 So.2d 595, 597-98 (La. Ct. App. 2006).

(2) The complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and

(3) All other factors bearing on the wisdom of the compromise.

Appellants objects to the court's approval arguing that the bankruptcy and district court's weighing of the three factor test was an abuse of discretion.

## II. STANDARD OF REVIEW

We review a district court's approval of a bankruptcy settlement under an abuse of discretion standard. Matter of Foster Mortgage. Corp., 68 F.3d 914, 917 (5th Cir. 1995).

## III. ANALYSIS

The question presented on this appeal is whether the district court abused its discretion in weighing the Jackson Brewing Co. factors. First, in consideration of the "probability of success," the appellants are incorrect in their characterization of the Louisiana Fourth Circuit Court of Appeal's pending appeal after the Louisiana Supreme Court's remand as a foregone conclusion given the previous dismissal on jurisdictional grounds. The decision was previously dismissed because of jurisdictional issues, and the pending appeal post-remand is a full appeal on the merits. Therefore, there is legitimate concern that the judgment may be fully overturned and/or remanded back to the trial court for further proceedings. This appeal would add to the already significant costs and delay. Finally, the major parties to the underlying lawsuit have settled in an arms-length transaction. Matter of Cajun Elec. Power Co-op., Inc., 119 F.3d 349, 356 (5th Cir. 1997). In addition, the tutor and the bankruptcy court both agreed that the settlement was in the best interests of the child given the uncertainties and delay caused by pending appeals. We do not

find any abuse of discretion, as there are valid reasons for approving the settlement.[2]

The action is not frivolous as they do present a cognizable, though meritless, challenge. Sturgeon v. Airborne Freight Corp., 778 F.2d 1154, 1161 (5th Cir. 1985) We therefore deny the appellee's motion to dismiss as frivolous and sanctions in the form of double the costs of attorney's fees on the appellants. We grant the appellee's motion to supplement the record.

## IV. CONCLUSION

For the foregoing reasons, we affirm the decision of the district court.

AFFIRMED.

---

[2] The appellants also claim that even with the approval of the settlement, they have a right to proceeds calculated from the previous state court judgments in favor of their client. They allegedly had a contingency agreement in place with the debtor for 40% of the recovered fee. The appellants do not have a right to any specific amount of recovery at this point since the case is still on appeal and no final judgment has issued. See Pullen v. Ziegler, 595 So.2d 1267 (La. Ct. App. 1992) (concluding that the statutory privilege attaches only when the judgment is final, i.e., when application to Supreme Court of Louisiana for writs was denied). Whether the final judgment in this case would amount to $17 million is pure speculation, since the appeals are not complete. As the final disposition of this case is now a proposed settlement between the parties, fees will be calculated from the settlement amount.