CRAIN, J.
|2The defendant in this paternity and child support suit filed a petition to annul judgments previously rendered in the proceeding. After a trial on the merits, the trial court dismissed the petition. We affirm.
FACTS AND PROCEDURAL HISTORY
Deidra Sanderford filed a petition seeking to establish Rodney D. Mason (Neely) as the father of her son, C.S., and requesting that Neely be ordered to pay child support.[1] According to the service return, Neely was served with the petition by domiciliary service at a residence on Government Street in Baton Rouge. Neely failed to file responsive pleadings, and Sanderford obtained a default judgment on July 6, 1995, that decreed Neely to be the father of C.S., awarded Sanderford permanent custody, and ordered Neely to pay child support in the amount of $150.00 per month. Evidence subsequently established that the residence at the service address belonged to Neely’s mother and sister.
On October 20,1995, Sanderford submitted an “Amended Judgment” that repeated all of the provisions contained in the original judgment but added two new decrees directing that an income assignment order issue upon Neely’s employer and casting Neely with all costs of the proceeding. The amended judgment was signed on October 26, 1995, and was personally served on Neely. An income assignment order was issued, and according to evidence presented at the trial of the nullity action, Neely’s wages were garnished beginning in December of 1995 through at least September of 1996, stopping only when his employment ended.
Approximately 15 years after the wage garnishment, Neely filed a petition seeking to annul the original judgment, alleging he was never served with the ^petition because he did not live at his mother’s residence when the petition was served there in 1995.[2] At the conclusion of the trial, the trial court found that Neely did not reside at his mother’s residence at the time of the service; however, Sanderford’s counsel contended that Neely was barred from pursuing a nullity action by Louisiana Code of Civil Procedure article 2008 because he was present in the parish when the judgment was executed and did not attempt to enjoin its enforcement. After taking that issue under advisement, the trial court found that Article 2003 barred Neely from pursuing the nullity action and rendered judgment accordingly.[3]
Neely appealed and presents three assignments of errors that focus primarily on the following assertions: (1) the trial court erred in applying Article 2008 to the amended judgment, (2) the trial court erred in finding that the seizure of funds pursuant to an invalid income assignment order could bar his suit for nullity, and (3) the trial court erred in allowing the income *748 assignment order to relate back to the original judgment.
LAW AND ANALYSIS
Before addressing the merits of Neely’s claims, we must first determine which judgments are the subject of this nullity action. Neely’s petition sought annulment of only the original judgment and made no mention of the amended judgment, however his counsel argued at length at the trial that the amended judgment was also null because it was an improper amendment of a final judgment. Although Sanderford’s counsel stated on the record that this was a “new argument,” he did not object to the new claim and only requested that he be allowed to file a post-trial memorandum addressing it. Under these circumstances, |4we find the pleadings were expanded by consent of the parties to include a claim that the amended judgment was also null. See La.Code of Civ. Pro. art. 1154. Accordingly, we will review the trial court’s ruling concerning the nullity of the amended judgment.
In Neely’s first assignment of error, he asserts that the trial court erred in applying Article 2003 to the amended judgment because it was deemed null under Article 1951. In reviewing a decision of the trial court on a petition for nullity, the issue for the reviewing court is not whether the trial court was right or wrong but whether the trial court’s conclusions were reasonable. Belle Pass Terminal, Inc. v. John, Inc., 01-0149 (La.10/16/01), 800 So.2d 762, 766.
Louisiana Code of Civil Procedure article 2003 provides:
A defendant who voluntarily acquiesced in the judgment, or who was present in the parish at the time of its execution and did not attempt to enjoin its enforcement, may not annul the judgment on any of the grounds enumerated in Article 2002.
The grounds enumerated in Article 2002 include a judgment rendered: (1) against an incompetent person not represented as required by law, (2) against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken, and (3) by a court which does not have jurisdiction over the subject matter of the suit. La.Code of Civ. Pro. art. 2002A.
In support of his claim challenging the amended judgment, Neely argues that Article 2003 does not bar him from annulling that judgment because the alleged grounds for the nullity — the improper amendment of a final judgment — are not included in the “grounds enumerated in Article 2002,” as required by Article 2003. A review of the law and jurisprudence addressing improper amendments of judgments does not support that position.
|sThe amendment of a judgment is governed by Louisiana Code of Civil Procedure article 1951, which provides that a final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party to alter the phraseology of the judgment, but not the substance, or to correct errors of calculation.[4] A judgment may be amended by the court where the resulting judgment takes nothing from or *749 adds nothing to the original judgment. Villaume v. Villaume, 363 So.2d 448, 450 (La.1978). However, an amendment to a judgment which adds to, subtracts from, or in any way affects the substance of the judgment, is considered a substantive amendment. Suprun v. Louisiana Farm Bureau Mutual Insurance Co., 09-1555 (La.App. 1 Cir. 4/30/10), 40 So.3d 261, 268. Substantive amendments to judgments can be made only by consent of the parties or after a party has successfully litigated a timely application for new trial, an action for nullity, or a timely appeal. Villaume, 363 So.2d at 451; Suprun, 40 So.3d at 268. Otherwise, a trial court lacks authority to make any modifications of substance to a final judgment. Bourgeois v. Kost, 02-2785 (La.5/20/03), 846 So.2d 692, 696. When the substance of a judgment has been improperly amended, the amending judgment is annulled and set aside, and the original judgment is reinstated. See McGee v. Wilkinson, 03-1178 (La.App. 1 Cir. 4/2/04), 878 So.2d 552, 554-55.
This court has previously held that the nullity of a judgment due to an improper amendment is based on jurisdictional grounds and is governed by Articles 2002 and 2003. In Edwards v. Edwards, 282 So.2d 858, 861 (La.App. 1 Cir.1973), writ refused, 284 So.2d 777 (La.1973), the plaintiff obtained a judgment ordering the judicial sale of property at a certain location. After the | ¿judgment became final, the plaintiff obtained an amended judgment that changed the location of the sale. The defendant attended the sale at the new location and participated in the sale by purchasing some of the property. The defendant then filed a suit seeking, to annul the amended judgment and set aside the sale of the property not purchased by her. arguing in part that the amendment changing the location of the sale was an improper substantive amendment. The trial court dismissed the nullity action, and this court affirmed, holding:
Irrespective of the merits of Appellant’s contentions, we find Appellant’s actions have estopped her from questioning the validity of either the judgment or Sheriffs Sales involved herein....
Insofar as Appellant’s action constitutes an attack on the judgment in question, her action is obviously concerned, with an alleged lack of jurisdiction on the part of the trial court. LSA-C.C.P. art 2002 provides that a judgment may be annulled, inter alia, if rendered by a court lacking jurisdiction. However, LSA-C.C.P. art. 2003 declares that a judgment may not be annulled for any of the grounds recited in Article 2002, above, where the judgment debtor acquiesces therein or is present in the parish at the time of execution and makes no attempt to enjoin its enforcement Under the circumstances, Appellant is barred from asserting the nullity of the judgment in question
Edwards, 282 So.2d at 860-861. See also Magill v. State, Department of Public Safety and Corrections, 27,802 (La.App. 2 Cir. 1/24/96), 666 So.2d 1260, 1263; Percle v. Morrow, 04-1076 (La.App. 5 Cir. 2/15/05), 897 So.2d 760, 762 (recognizing that trial court lacked jurisdiction to make a substantive amendment to a final judgment).
Neely’s claim that the amended judgment is null falls within the scope of Article 2002 because it concerns the trial court’s jurisdiction, or lack thereof, to substantively amend the. judgment after it became final. Article 2003 is therefore applicable and will bar the claim if Neely was in the parish when the amended judgment was executed and did not attempt, to enjoin the enforcement This assignment of error has no merit.
*750 We next consider Neely’s assignment of error wherein he contends that the trial court erred in finding that the seizure of funds pursuant to an invalid income |7assignment, order barred his suit for nullity. In support of this assignment of error, Neely makes several arguments, beginning with the assertion that a garnishment is a “forced act” and “not a voluntary acquiescence” in the judgment. He further claims that the seizure of Ms wages was an “illegal seizure” that should not constitute an Acquiescence in the judgment.
Neely does not dispute that he was in the parish when the garnishment occurred. Article 2003 estops a defendant present in the parish at the time of the judgment’s execution only where the execution has been completed, that is, where garnishment not only has arrested funds in the hands of the garnishee but has obliged the delivery of the funds through the sheriff to the judgment creditor. Strain v. Premier Video, Inc., 99-0181 (La.App. 1 Cir. 3/31/00), 764 So.2d 983, 987-988.
In thorough written reasons for judgment, the trial court, found that the garnishment was an execution of the judgment, and we agree with this finding. Neely acknowledged that his wages were garnished in 1995 or 1996 and that he made no effort to prevent the continued seizure of his wages. Sanderford introduced numerous check stubs from Neely’s employment from December of 1995 through September of 1996 that identified the amount of the garnishment and the district court proceeding by suit number, division and parish. The evidence also established that Neely was personally served with the amended judgment prior to the garnishment. Neely was fully aware of the seizures and the legal proceeding giving rise to the seizures, yet he made no attempt to enjoin or otherwise prevent the enforcement action.
Neely relies on Bryant v. Pierson, 583 So.2d 97 (La.App. 3 Cir.1991), in support of Ms assertion that a garnishment is not an execution of the judgment for purposes of Article 2003. The Bryant court noted that garnishment proceedings filed in that case were not sufficient to estop the defendants from attacking the Invalidity of a second judgment rendered after the filing of the garnishment proceeding and after the defendants filed a motion; to vacate the first judgment or for a new trial. Bryant, 583 So.2d at 99, n. 1. The garnishment in the present case occurred after the issuance of the amended judgment and well before any attempt to annul either of the judgments, Further, the facts of Bryant do not indicate that the garnishment proceedings resulted in an actual seizure of funds before the filing of the motion to vacate or that a long delay occurred between the filing of the garnishment and the defendants’ filing of the motion to vacate. In contrast, Neely’s wages were actually seized for several months. He not only failed to make any attempt to prevent or stop those seizures, he also did not contest the validity of the judgments until approximately 15 years later. Bryant offers no support for Neely given these facts.
Neely also argues that Article 2003 does not apply because the garnishment was an “illegal seizure of funds” due to the improper issuance of the income assignment order. In essence, Neely contends that Article 2003 only precludes a nullity action if the enforcement of the judgment was procedurally proper. Article 2003 does not contain any such requirement, nor do we infer one from the language and context of the article. Neely’s assertion ignores that Article 2003 applies to suits seeking to nullify judgments because of a *751 fatal defect in the underlying proceeding. The enforcement of a null judgment produced by such a flawed proceeding would rarely, if ever, be procedurally proper. Thus, any requirement that the enforcement be “legal” would render Article 2003 largely superfluous. Courts should give effect to all parts of a statute and should not adopt a statutory construction that makes any part superfluous or meaningless, if that result can be avoided. Sultana Corp. v. Jewelers Mutual Insurance Co., 03-0360 (La.12/3/03), 860 So.2d 1112, 1116,
|flThe focus of Article 2003 is the knowing submission by the judgment debtor to the judgment’s enforcement, through a completed execution, in a parish where he is present. This tacit recognition of the judgment’s validity estops the party from later contesting it. See Strain, 764 So.2d at 987-988; Edwards, 282 So.2d at 860-861. Neely does not assert that a defect in the garnishment proceeding caused him to be unaware of the amended judgment or otherwise limited his ability to enjoin its enforcement. To the contrary, Neely was personally served with the amended judgment, and his payroll checks provided detailed information about the proceeding giving rise to the garnishment. Based upon this evidence, the trial court did not err in finding that Neely was present in the parish at the time of the judgment’s execution and did not attempt to enjoin its enforcement. Pursuant to Article 2003, the trial court properly dismissed the claim seeking to annul the amended judgment, which is fully enforceable against Neely. See Edwards, 282 So.2d at 860-861.[5]
In his remaining assignment of error, Neely asserts that the trial court erred in allowing the. income assignment order to relate back, to the original judgment. Neely argues that the trial court improperly dismissed his claim to annul the original judgment because the garnishment proceeding was an enforcement of only the amended judgment and should not “relate back” to the original judgment. Therefore, according to Neely, his failure to enjoin the garnishment does not bar an attack on the validity of the original judgment. However, that claim is rendered moot by our holding that the amended judgment is enforceable against Neely. The | inamended judgment consists of every provision, word-for-word, set forth in the original judgment plus decrees ordering the issuance of an income assignment order and assessing all costs to Neely. Given the scope of the amended judgment, we find that it superseded the original judgment and became the final judgment of the trial court. Cf. In re Transit Management of Southeast Louisiana, Inc., 04-0632 (La. App. 4 Cir. 10/20/06), 942 So.2d 595, 600-601; Nolan v. High Grass, LLC, 07-80 (La.App. 5 Cir. 5/29/07), 960 So.2d 1103, 1105 (holding that original judgment was superseded by an amended judgment). Therefore, Neely’s assignment of error asserting that the trial court erred by dismissing his claim seeking to annul the original judgment is moot.
*752 CONCLUSION
Louisiana Code of Civil Procedure article 2003 bars Neely from annulling the amended judgment because he was present in the parish at the time of its execution and did not attempt to enjoin its enforcement. Accordingly, we affirm the trial court’s judgment dismissing the suit for nullity. All costs of this appeal are assessed to the defendant/appellant, Rodney Neely.
AFFIRMED.

. The defendant is identified in the petition as "Rodney D. Mason (Neely),” however he identifies himself as "Rodney Neely” in the pleadings he filed in this matter. The plaintiff’s first name is spelled "Deidra” in her petition and "Deidre” in the notice of appeal.

. Mason initially sued the State of Louisiana, through the Department of Health and Hospital’s Support Enforcement Services, but later amended to name Sanderford as a defendant.

.Following the issuance of a rule to show cause issued by this court, the record was supplemented with a subsequent judgment signed by the trial court that expressly dismissed the nullity action with prejudice.

. Article 1951 was amended by Acts 2013, No. 78, § 1, effective August 1, 2013. Subsequent to this amendment, a judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received.

. Neely also points out that the original: judgment was signed by Judge Carl A. Guidry, who Neely states was sitting ad hoc for Judge Jennifer Luse, and that the amended judgment was signed by Judge Luse. Neely argues that the amended judgment is null because Judge Luse could not amend a judgment she did not originally issue and that Articles 2002 and 2003 do not apply to an action for nullity on those grounds. Neely cites no authority, nor are we aware of any authority, for declaring an amended judgment to be null solely because the original judgment was signed by a different judge who was serving ad hoc in the same division. Accordingly, that claim cannot serve as alternative basis for declaring the amended judgment null See La. Code of Civ. Pro. art. 1911; La. R.S. 13:4209.